MATTHEW J. COYLE, JR., ET AL. *v.* PLANNING
AND ZONING COMMISSION OF THE CITY OF
WEST HAVEN ET AL.
(two cases)

HOUSE, C. J., THIM, RYAN, SHAPIRO and LOISELLE, JS.

Argued December 9, 1971—decided January 19, 1972

*Jerrold H. Barnett,* for the appellants (plaintiffs) in each case.

*Dennis J. Donahue, Jr.,* with whom was *Louis S. Votto,* for the appellees (defendant Ralph Falcone et al.); on the brief were *John J. Kline* and *William F. Gallagher,* for the appellee (named defendant) in each case.

THIM, J. The two cases at bar involve decisions of the defendant West Haven planning and zoning commission rezoning a parcel of real estate. The plaintiffs are owners of land either adjacent to the property involved or in the immediate vicinity. Both cases were tried together on their records in the Court of Common Pleas and the court made no additional findings of fact. From the judgment of the court dismissing the appeals, the plaintiffs have appealed to this court, where one opinion will suffice

to consider the merits of both appeals. On oral argument the parties conceded that if no error is found in the first case, the issue on the second case becomes moot.

In 1966, the defendant Ralph Falcone filed a petition with the commission for a change of zone of approximately four and one-half acres of land from residence A and B to residence C to permit the construction of a four-story apartment building. The petition was heard at a public hearing on November 16, 1966, and was granted January 9, 1967, with an effective date of January 24, 1967. This decision of the commission gave rise to the appeal in the first case (No. 6600). At the time of the hearing on Falcone's petition, the commission had under consideration the enactment of new zoning regulations and a new zoning map covering the entire municipality. On January 24, 1967, a public hearing was held and on February 2, the existing regulations were repealed and the proposed regulations and revised map were adopted with an effective date of March 1, 1967. Under the new regulations the property involved was specifically designated as a multi-family zone. This action of the commission gave rise to the appeal in the second case (No. 6601).

The plaintiffs claim that the action of the commission in designating the property in question as a multi-family zone was illegal, arbitrary and an abuse of discretion in that it was violative of the comprehensive plan in that it accommodated the individual petitioner as opposed to benefiting the community as a whole and thus amounted to spot zoning.

It is unnecessary to reiterate the contents of the record and we hold that it amply supports the conclusion of the court in the first case that the change of zone was not arbitrary, illegal and an abuse of discre-

tion. The record is convincingly clear that the commission's action was in harmony with the comprehensive plan and while the petitioner received an incidental benefit, it is apparent that the central purpose of the zone change was to promote the best interests of the community as a whole. As we have stated many times: "The action taken by the commission involved a fairly debatable question which was within its province, acting in its legislative capacity, to resolve. . . . 'So long as it appears that an honest judgment has been reasonably and fairly exercised by the commission after full hearing, courts should be cautious about disturbing its decision. . . . Courts cannot substitute their judgment for the wide and liberal discretion vested in the local zoning authority when it is acting within its prescribed legislative powers. . . . The courts allow zoning authorities this discretion in determining the public need and the means of meeting it, because the local authority lives close to the circumstances and conditions which create the problem and shape the solution. . . . It is only where the local zoning authority has acted arbitrarily or illegally and thus abused the discretion vested in it that the courts can grant relief on appeal.' *Cameo Park Homes, Inc.* v. *Planning & Zoning Commission,* 150 Conn. 672, 677, 192 A.2d 886; *Lupinacci* v. *Planning & Zoning Commission,* 153 Conn. 694, 699, 220 A.2d 274." *Dooley* v. *Town Plan & Zoning Commission,* 154 Conn. 470, 478, 226 A.2d 509.

Having failed to meet the burden of proving that the commission acted illegally, arbitrarily and in abuse of the discretion vested in it, the plaintiffs cannot prevail in that regard.

The plaintiffs further contend that the court erred in failing to conclude that the action of the commis-

sion was rendered invalid in that the city engineer, Ralph Spang, an alleged nonvoting member of the commission in its planning capacity who advised the commission concerning the merits of the zone change, had prepared the maps and surveys for the petitioner Falcone. The plaintiffs base this claim on General Statutes § 8-21.[1] Under this statute, it is not necessary to find that the party actually exerted any improper influence for "[t]he evil lies not in influence improperly exercised, but rather in the creation of a situation tending to weaken public confidence." *Daly* v. *Town Plan & Zoning Commission,* 150 Conn. 495, 500, 191 A.2d 250; *Josephson* v. *Planning Board,* 151 Conn. 489, 493–94, 199 A.2d 690.

As we have said before, "[t]he decision as to whether a particular interest is sufficient to disqualify a person is necessarily a factual one and depends on the circumstances of the particular case." *Anderson* v. *Zoning Commission,* 157 Conn. 285, 291, 253 A.2d 16; see *Armstrong* v. *Zoning Board of Appeals,* 158 Conn. 158, 172, 257 A.2d 799. The record in the case at bar discloses that Spang had prepared the site map used by Falcone and, as the city engineer, had furnished the commission with information concerning the zone change of the property involved

---

[1] "[General Statutes] Sec. 8-21. DISQUALIFICATION OF MEMBERS IN MATTERS BEFORE PLANNING OR ZONING BOARDS. No member of any planning commission and no member of any municipal agency exercising the powers of any planning commission, whether existing under the general statutes or under any special act, shall appear for or represent any person, firm or corporation or other entity in any matter pending before the planning or zoning commission or zoning board of appeals or agency exercising the powers of any such commission or board in the same municipality, whether or not he is a member of the commission hearing such matter. No member of any planning commission shall participate in the hearing or decision of the commission of which he is a member upon any matter in which he is directly or indirectly interested in a personal or financial sense."

here. The record, however, fails to disclose that Spang had any personal interest in the property or that he appeared for or represented Falcone. The site map had been prepared in 1961 for Frank Rully, updated in October, 1966, by Spang, and received by an architectural designer. The record does not disclose that Spang was a member of the commission.[2] The record further discloses that the plaintiffs' appeal failed to allege that Spang was disqualified to advise the commission concerning the property, but rather, the question of disqualification was first raised in the concluding arguments of the brief the plaintiffs filed with the trial court. Nor did the plaintiffs request the trial court to take additional testimony pursuant to General Statutes § 8-8.

From the record in the case at bar, we cannot conclude that the court was required to find as a matter of law that Spang's actions contravened the prohibition of § 8-21 or that the commission transgressed the public policy of this state as expressed by this court.

There is no error.

In this opinion the other judges concurred.

---

[2] The plaintiffs erroneously assume that the city engineer, Ralph Spang, was a member of the commission in its planning capacity. Under § 8-19, "Creation of planning commissions," it is stated: "The chief executive officer of the municipality and the engineer thereof or commissioner of public works, if any, shall also be members . . . without voting privileges." (Emphasis supplied.) Under § 8-19, either the commissioner of public works or the city engineer could be members of the commission. Since the record does not disclose which of the two was a member of the commission, the record cannot, therefore, support the plaintiffs' contention that Spang, the city engineer, was a member.