## ALDEN H. VOSE, JR. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF WESTPORT ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued January 7—decision released August 31, 1976

*Melvin J. Silverman,* with whom, on the brief, was *William D. Allen,* for the appellants (defendants Patrick D. Tazza et al.).

*Robert L. Julianelle,* for the appellee (plaintiff).

LONGO, J. The facts in this case are essentially undisputed. For some years, the plaintiff, Alden H. Vose, Jr., has owned and resided on real property located in the town of Westport. The plaintiff's property lies adjacent to a six-acre tract of land and, in 1962, the plaintiff had successfully opposed an application to divide the tract into several lots. In 1970, an application to resubdivide the tract into three two-acre lots was made to the Westport planning and zoning commission by three individuals, Patrick Tazza, Frances F. Dunning and Virginia Dunning Maloney. The plaintiff opposed that application and it was denied by the commission on June 8, 1970. The three applicants appealed from that denial to the Court of Common Pleas and, after the commission failed to plead, the court entered a default against the commission and rendered judgment sustaining the appeal on December 4, 1970. See *Tazza* v. *Planning & Zoning Commission,* 164 Conn. 187, 189, 319 A.2d 393. On January 4, 1971, the commission approved the application, acting without notice and in executive session. The plaintiff subsequently moved to "reopen" the default judgment in the Court of Common Pleas and to be made a party to that action; the motion was denied, however, and the plaintiff appealed from that ruling to this court. The plaintiff also appealed to the Court of Common Pleas from the

commission's approval of the resubdivision plan and when the court granted the defendants' motion to erase his appeal, the plaintiff appealed to this court from that ruling. The plaintiff's two appeals to this court were consolidated. We held that there was no error in the denial of the motion to "reopen" judgment, but remanded the plaintiff's appeal from the action of the commission with direction to deny the motions to erase. See *Tazza* v. *Planning & Zoning Commission*, 164 Conn. 187, 194, 319 A.2d 393.

At trial on remand, the plaintiff claimed that he was entitled to appeal because he was aggrieved and because his property abutted the six-acre tract, and that the defendant commission had acted illegally, arbitrarily and in abuse of its discretion in approving the resubdivision application on January 4, 1971, without prior notice and opportunity for a hearing. The defendants, the commission and the three applicants, relied on the default judgment rendered on December 4, 1970. By way of special defense, they claimed that the effect of the default judgment was to require subsequent approval of the application and, therefore, the issue of validity of the approval was res judicata. The court held that the plaintiff was a proper party to prosecute this appeal and found the issues for the plaintiff. Upon certification granted, the defendants have appealed to this court. The issues raised by the assignments of error are considered in the opinion.

I

"Appeals to the courts from administrative officers or boards exist only under statutory authority and, unless a statute provides for them, courts are without jurisdiction to entertain them." *East Side*

*Civic Assn.* v. *Planning & Zoning Commission,* 161 Conn. 558, 560, 290 A.2d 348. This appeal is taken from the decision of an administrative body which sits as both a planning and zoning commission. See *Dooley* v. *Town Plan & Zoning Commission,* 154 Conn. 470, 472–73, 226 A.2d 509. Although the commission's duties in each category are related, they are separate; *Purtill* v. *Town Plan & Zoning Commission,* 146 Conn. 570, 571, 153 A.2d 441, cited in *Dooley* v. *Town Plan & Zoning Commission,* supra, 473; and the regulation of the subdivision of land is clearly a function of the planning power. See *Purtill* v. *Town Plan & Zoning Commission,* supra, 572; *Beach* v. *Planning & Zoning Commission,* 141 Conn. 79, 82, 103 A.2d 814. Chapter 126 of the General Statutes applies to municipal planning and § 8-28, which is contained therein, provides for appeals from actions or decisions relating to the approval or denial of subdivision plans by "any person aggrieved by an official action or decision." The plaintiff's appeal is therefore taken by authority of § 8-28, and the plaintiff must establish that he is a "person aggrieved" by the commission's action.

An appellant is required to establish that he is aggrieved "by showing that . . . [he] had a specific, personal and legal interest in the subject matter of the decision as distinguished from a general interest such as is the concern of all members of the community and that . . . [he is] specially and injuriously affected in . . . [his] property or other legal rights." *Krejpcio* v. *Zoning Board of Appeals,* 152 Conn. 657, 660, 211 A.2d 687, cited in *I. R. Stich Associates, Inc.* v. *Town Council,* 155 Conn. 1, 3, 229 A.2d 545. Although the plaintiff did allege that he was aggrieved and listed in his complaint the respects in which he claims to be specially and injuriously

affected by the commission's actions, the court made no findings of fact relating to those allegations. The finding reveals that when the defendants attempted to cross-examine the plaintiff on his alleged aggrievement, the court sustained the plaintiff's objection and stated that "the court would limit its consideration of aggrievement to the statutory allegation in the complaint." There is no such "statutory allegation" in the complaint. We have examined the memorandum of decision; see *Ruggles* v. *Town Plan & Zoning Commission,* 154 Conn. 711, 712, 226 A.2d 108; and find that the statute referred to and relied upon by the court is General Statutes § 8-8. That section does not apply in this case. Section 8-8 is contained in chapter 124 of the General Statutes, which applies to zoning. See *Westport* v. *Norwalk,* 167 Conn. 151, 155, 355 A.2d 25. That section provides for appeals from zoning boards by "[a]ny person or persons severally or jointly aggrieved by any decision of said board, or any person owning land which abuts the land involved in any decision." It is apparent in the record that the court applied the criteria of § 8-8 to determine whether the plaintiff was entitled to appeal to the courts. The fact that the plaintiff owned property abutting the six-acre tract is the only fact which appears in the court's finding to support the court's conclusion that the plaintiff was a proper party to prosecute an appeal.[1] As § 8-8 does not apply, the fact that the plaintiff was an owner of abutting land is not determinative. See

---

[1] At trial, the plaintiff relied upon the record before the commission to show aggrievement, and he has printed in an appendix to his brief portions of the transcript of the hearing before the commission in 1970. The appendix is improper in form and in that it consists primarily of arguments of counsel. Practice Book § 628P. By the appendix, the plaintiff attempts to show the manner in which he

*Hughes* v. *Town Planning & Zoning Commission,*
156 Conn. 505, 508, 242 A.2d 705. We find that the
trial court erred in overruling the defendants' claim
that § 8-8 does not apply in this case and in failing
to determine if the plaintiff was in fact aggrieved
and, therefore, entitled to appeal under General
Statutes § 8-28.

## II

The defendants have also assigned as error the
court's overruling of their claims as to the effect of
the default rendered against the commission in the
case of *Tazza* v. *Planning & Zoning Commission,*
supra, 189. The defendants claim that following
the judgment rendered on December 4, 1970, the
commission had no choice but to approve the resub-
division application. Therefore, they claim, the
default judgment was res judicata as to the issue
of the validity of the approval on January 4, 1971,
and no notice or hearing was required prior to the
approval.

A default judgment was rendered upon an appeal
taken by the three applicants from the denial of
their application by the commission on June 8, 1970.
Upon the commission's default, the court ren-
dered judgment sustaining the plaintiffs-appellants'
appeal, but did not direct the commission to approve
the application. *Tazza* v. *Planning & Zoning Com-
mission,* A-542 Rec. & Briefs 325. The effect of
that judgment was to reverse the action taken on

---

is aggrieved, to support the court's conclusion that he is entitled to
appeal. Clearly, that support must appear in the finding; Practice
Book §§ 612B, 619; and a procedure by which an appellee may
request corrections of the finding is provided in Practice Book § 623.
Therefore, we have properly ignored the appendix to the plaintiff's
brief. See *Ravitch* v. *Stollman Poultry Farms, Inc.,* 165 Conn. 135,
144 n.6, 328 A.2d 711.

June 8, 1970; see *Bogue* v. *Zoning Board of Appeals,* 165 Conn. 749, 755, 345 A.2d 9; but to leave to the commission the determination of what subsequent action it would take. See *Bogue* v. *Zoning Board of Appeals,* supra, 753–54, 756; *Watson* v. *Howard,* 138 Conn. 464, 469–70, 86 A.2d 67.

The approval given by the commission on January 4, 1971, was a separate, independent administrative act and it is subject to judicial scrutiny to determine whether the commission acted illegally or arbitrarily so as to have abused its discretion. See *Coyle* v. *Planning & Zoning Commission,* 162 Conn. 233, 236, 294 A.2d 276; *Dooley* v. *Town Plan & Zoning Commission,* 154 Conn. 470, 478, 226 A.2d 509. Although the commission was to determine what action it would take following the rendering of the default judgment, "it was, of course, the duty of the . . . [commission] to proceed according to law whether or not the court specifically directed that it do so." *Bogue* v. *Zoning Board of Appeals,* 165 Conn. 749, 756, 345 A.2d 9. Under General Statutes § 8-26, "[n]o plan of resubdivision shall be acted upon by the commission without a public hearing."[2] We find, therefore, that the trial court did not err in overruling the defendants' claim that a hearing was not required prior to the action taken by the commission on January 4, 1971.

We conclude that the trial court erred in overruling the defendants' claim that General Statutes § 8-8 did not apply in this case. This case is

---

[2] The defendants claimed on appeal to this court that the three applicants had applied on April 30, 1970, for a subdivision, not a resubdivision of the six-acre tract. Therefore, they claim, § 8-26 does not apply and no hearing was required. Those claims were not made at trial. Moreover, the defendants admitted in their answer that their application was for a resubdivision. We will not consider their claims on this point.

remanded to the trial court for it to determine whether the plaintiff was a proper party to prosecute an appeal to the Court of Common Pleas under § 8-28 of the General Statutes. There is no merit to the other claims of error made by the defendants.

There is error in part; the judgment is set aside and the case is remanded for a new trial to determine whether the plaintiff, Alden H. Vose, Jr., is a "person aggrieved" under § 8-28 of the General Statutes.

In this opinion the other judges concurred.