[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the designation of a parcel of land as a Special Development Area (SDA) under the Shelton Zoning Regulations. The subject property consists of about ten acres of land with about 700 feet of frontage on Bridgeport Avenue also known as Route 714 (and formerly Old Route 8) in Shelton. It is located in an industrial zone designated IA-2. Shelton Center Associates (Shelton Center) as property owner and R.D. Scinto, Inc. as developer is attempting to obtain a series of approvals required under section 34 of the Shelton Zoning Regulations to build a shopping center.
The plaintiff, Shelton Square Limited Partnership (Shelton Square) is a Connecticut limited partnership which owns land and buildings known as the Shelton Square Shopping Square containing about 21 acres located on the opposite side of Bridgeport Avenue from the subject property of Shelton Center. Most of the properties in the area are in an industrial zone or have been developed as commercial property. The plaintiff's property was approved for a Planned Development District around 1980 and it is the largest shopping center in Shelton.
The applications filed by Scinto and Shelton Center in May 1980 with the defendant Commission requested approval for a Special Development Area (SDA) and a Planned Development District (PDD) for the subject property. A public hearing CT Page 3416 was held on both applications on August 7, 1990.
The Commission approved the SDA designation on September 18, 1990, but did not act on the PDD application at that time. After a legal notice of the SDA approval was published, the plaintiff brought this appeal. On December 10, 1990 the defendant Commission approved the PDD application. A legal notice was published December 14, 1990, and the plaintiff appealed that decision in Shelton Square Limited Partnership v. Shelton Planning and Zoning Commission, et al., Superior Court at Milford, No. CV91 034386S. The claims raised in both appeals are similar, and consist of both procedural and substantive challenges to the proceedings and the Commission's decisions, including a claim that the PDD approval process in section 34 of the Shelton Zoning Regulations violates Chapter 124 of the Connecticut General Statutes. Before reaching these claims there must be a determination whether the plaintiff has standing to bring this appeal, namely whether it has proven aggrievement under section 8-8 of the General Statutes.
Pleading and proof of aggrievement are essential to establish subject matter jurisdiction over an administrative appeal. Hughes v. Town Planning and Zoning Commission,156 Conn. 505, 507, 509; Walls v. Planning and Zoning Commission,176 Conn. 475, 479. The plaintiff has the burden of proof on aggrievement. Beckish v. Manafort, 175 Conn. 415, 419. Section 8-8 (b) C.G.S. limits the right to appeal to any person aggrieved by a decision of the administrative agency, which includes a combined planning and zoning commission. An "aggrieved person" includes any person owning land that abuts or is within a radius of 100 feet of any portion of the land involved in the decision of the agency. Section 8-8 (a)(1) C.G.S. This provision, giving standing to an appeal based solely on the status as an abutting land owner or a person owning property within the designated distance of the land involved in the agency's decision, is called "statutory aggrievement". Pierce v. Zoning Board of Appeals, 7 Conn. App. 632,636; Nick v. Planning and Zoning Commission,6 Conn. App. 110, 111n. The plaintiff claims standing based on both statutory aggrievement and "classical aggrievement". The subject property and the plaintiff's property are on opposite sides of Bridgeport Avenue. When computing the statutory distance where a road intervenes between two properties, consideration must be given to whether the appellant owns to the center line of the road. Fuller v. Planning and Zoning Commission, 21 Conn. App. 340, 345. In the absence of evidence to the contrary, there is a presumption that owners of land abutting a public highway own to the center line of the road, subject to the easement for CT Page 3417 public travel. Antenucci v. Hartford Roman Catholic Diocesan Corporation, 142 Conn. 349, 355. There was evidence in this case that the state owns the 155 wide right of way to Bridgeport Avenue. When the state acquires property for a public highway, it obtains a fee simple interest. Section13a-73 (b) C.G.S. The plaintiff does not own land within 100 feet of any portion of the land involved in the two related applications to the Commission. The travelled way of Bridgeport Avenue is about 40 feet wide and is within the state's right of way, and the plaintiff has an easement from its property line across the state-owned right of way to the travelled way of the public highway. The intersection of the plaintiff's easement and the travelled way of the public highway is about 80 feet from the subject property. From this the plaintiff argues that it has proven statutory aggrievement and that the easement from the state is equivalent to ownership of land. No case has been cited which supports this proposition. Smith v. Planning and Zoning Board, 203 Conn. 317, 323, held that an exclusive life tenant of property had a sufficient interest in the land during her lifetime as to amount to an ownership interest giving the right to appeal under section 8-8. In this case the plaintiff has only an easement, and the fee title to the entire right of way is in the state. The statute is clear, and it does not disclose legislative intent to confer standing to appeal on the holder of either an exclusive or nonexclusive easement.
Since the plaintiff does not own property within 100 feet of the land involved in the applications, it must prove classical aggrievement. Persons owning land near land involved in the application to the commission are not automatically aggrieved, and have to meet the two part aggrievement test. Walls v. Planning and Zoning Commission, supra, 476; Hughes v. Town Planning and Zoning Commission, supra, 508; Vose v. Planning and Zoning Commission, 171 Conn. 480,484. This test requires: (1) demonstrating a specific, personal and legal interest in the subject matter of the decision as distinguished from a general interest, such as is the concern of all members of the community as a whole; and (2) that this specific personal and legal interest has been specially and injuriously affected by the decision. Walls v. Planning and Zoning Commission, supra, 478; Sheridan v. Planning Board, 159 Conn. 1, 10. Aggrievement is a question of fact, and the plaintiff has the burden of proving that fact. Olsen v. Inland Wetlands Commission, 6 Conn. App. 715,718; Hartford Distributors, Inc. v. Liquor Control Commission, 177 Conn. 616, 622. Aggrievement must take into account the subject matter of the decision made by the administrative agency. To resolve the aggrievement question CT Page 3418 here, it must first be determined what the Commission's decision was and what rights it created, which in turn requires consideration of the Planned Development District process under section 34 of the Shelton Zoning Regulations.
In Mileski v. Planning and Zoning Commission of Shelton, 2 CtLR 68, 16 Conn. Law Trib. 36 (1990) the Planned Development District regulations and procedures were considered. Section 34 has a three stage procedure to establish a Planned Development District. The first step is designation of the subject property as an SDA. The second step is an informal PDD application with a Basic Development Plan. Sections 34.4, 34.5 and 34.6. The third and final step is a formal or final application for a PDD with Detailed Development Plans. Section 34.7 and 34.8. The applications filed for the subject property were for the first and second steps of PDD approval under section 34. No application has been filed or granted for the third and final step, a final application for a PDD with Detailed Development Plans.
An SDA is defined in section 21.2 and amounts to a special district which can be placed upon property in addition to or overlapping the existing zoning classification or district of the subject property. It is merely a preliminary step to the option of developing the property as a PDD. An SDA does not change the zone of the underlying property or grant any right to develop the property for any uses that are not already permitted in the underlying zone. "A Planned Development District is a class of district established in accordance with section 34 and located within a Special Development Area." Section 21.3, Shelton Zoning Regulations. While a PDD cannot be created for a parcel of land unless the parcel is first designated as an SDA, the PDD also does not come into existence until it is established in accordance with the requirements in section 34. Sections 21.3 and 34.1.
The claim of aggrievement in this case is based upon the erroneous assumption that the initial or designation of property as an SDA allows any additional uses for the property or amounted to a zone change.
While the Commission's decision applies only to a specific parcel of land, the subject property located across the highway from the plaintiff's property, the designation as a SDA has no more effect upon the property rights of the plaintiff than it does upon any other property owners in the community. SDA approval standing alone does not allow any additional uses for the subject property or eliminate or CT Page 3419 restrict any existing uses. It is only a preliminary step towards allowing a PDD for a particular designed use under conditions approved by the Commission. Since SDA approval does not affect or change the existing permitted uses on the subject property or confer any concrete vested property rights on the property owner or applicant, it necessarily cannot affect the property rights or legal interest of nearby property owners. While SDA approval differs from the first step in the floating zone process in that SDA approval relates to specific parcels of land, it is similar in that it is preliminary and does not change the zone or permitted uses for the parcels involved.
Cases concerning floating zones have held that no one is aggrieved by the enactment of floating zone regulations, so an appeal cannot be maintained under section8-8 until a floating zone is applied to a specific piece of property and a zone change occurs. Schwartz v. Town Plan and Zoning Commission, 168 Conn. 20, 23-26; Sheridan v. Planning Board, supra, 12, 13. Even if the plaintiff's interest in the Commission's decision can be determined to be different from the community interest as a whole, as required by the first part of the classical aggrievement test, it is difficult to see how the plaintiff has been specially and injuriously affected by the Commission's decision allowing SDA designation since the zone of the subject property has not been changed and construction of the proposed shopping center has not been approved. In fact, unless final approval is given, the proposed development will never occur.
The decision appealed here did not specially and injuriously affect the property or other legal rights of the plaintiff even if some later approvals for the subject property might have that effect. Under the circumstances here there is no aggrievement and any claim of injury is non-existent and premature. See Schwartz v. Town Plan and Zoning Commission, supra, 25.
The appeal is dismissed.
Robert A. Fuller, Judge