[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The plaintiffs, Lewis Perry, individually, and as Trustee of the Basha Szymanska Trust, Basha Szymanska, individually, and as Trustee of the Basha Szymanska Trust, and the Downington Manufacturing Company, bring this appeal challenging amendments to the Ridgefield Subdivision Regulations approved by the Ridgefield Planning Zoning Commission.
The amendments adopted by the defendant commission on September 8, 1998 (Exhibits HH and II), effective September 18, 1998, amend two sections of the subdivision regulations — § 2-31 (Lot Area) and § 4-39 (Lot Area Calculations).
The September 8, 1998 vote followed months of hearings and discussion of the amendments which were generated by the Ridgefield Planning Zoning Commission.
The initial proposal submitted by Director of Planning, Oswald Ingles, contained amendments to both the Ridgefield Zoning Regulations and the Ridgefield Subdivision Regulations.
A public hearing was held on June 2, 1998.
A revised draft, dated July 10, 1998, eliminated any reference to changes in the zoning regulations, but proposed to amend only the subdivision regulations (Exhibit 6).
The revised draft was available for the continued public hearing on July 14, 1998.
The significance of the revision was that the amendments would no longer apply to lots already approved as part of existing subdivisions, but would apply to property subdivided after the effective date of the amendments.
The first amendment to § 2-31 of the subdivision regulations defines lot area as follows:
The total horizontal area of the lot lying within the lot lines, provided that no area of land lying within any street line shall be deemed a portion of any lot area. In calculating the minimum required lot area, ponds and lakes shall be excluded. In addition, not more than twenty percent (20%) of the area having slopes of twenty-five percent (25%) CT Page 5707 or greater as measured in ten foot contour mapping and consisting of contiguous areas totaling three thousand (3,000) square feet or more, shall be included.
Section 4-39 entitled "Lot Area Calculations" provides:
 In calculating the minimum required lot area, the area of ponds and lakes shall be excluded. In addition, not more than twenty percent (20%) of land having slopes of twenty-five percent (25%) or greater as measured in ten foot contour mapping and consisting of contiguous areas totaling three thousand (3,000) square feet or more shall be included.
The effect of the amendments upon property not yet subdivided is to require individual lots to have an area greater than the two acres required by the zoning regulations, if ponds, lakes or slopes meeting the criteria are included within a proposed lot.
No requirement prevents building in the area of slopes, if health or other regulations do not prohibit building.
In this way, the number of subdivision lots created from an undeveloped parcel is reduced.
The plaintiffs are owners of large undeveloped parcels in the Town of Ridgefield which are subject to the regulations.
The plaintiffs, Basha Szymanska and her husband Lewis Perry, are owners of property fronting Great Hill Road and Limestone Road totaling 102 acres.
One parcel consists of approximately 90 acres (Exhibit 2) and is held in trust, while a second 12 acre parcel (Exhibit 3) is also owned by Basha Szymanska and Lewis Perry.
The Downington Manufacturing Company acquired a 183.5 acre parcel on December 30, 1996 (Exhibit 4).
After excepting out an 8.013 acre parcel, the land available for subdivision and development is 175 acres.
Together, the plaintiffs own 277 acres of land yet to be subdivided.
At the aggrievement hearing, John McCoy, a professional CT Page 5708 engineer affihated with JFM Engineering, Inc., testified concerning the impact of the amendments on the 277 acres. He explained that of the 22,300 acres in the Town of Ridgefield, approximately 4,121 acres were affected by the regulations (4,436 acres if the 315 acre Silver Springs Country Club is included).
He testified that the trust property would yield 39 lots under the prior regulations, but only 31 lots following the amendments, or a decrease of eight building lots.
Regarding the Downington Manufacturing Company, he opined that 57 building lots could be created under the prior regulations, but only 54 following the amendments.
The plaintiffs have appealed, claiming that the action of the commission in adopting the amendments to the subdivision regulations was illegal, arbitrary and in abuse of its discretion.
Neither plaintiff has actually filed a subdivision proposal with the commission from which an appeal can be prosecuted.
 SUBDIVISION AMENDMENTS, ON THE FACTS PRESENTED, ARE PROPERLY CHALLENGED IN A DECLARATORY JUDGMENT ACTION
The defendant, Ridgefield Planning Zoning Commission, argues that this appeal represents a general attack on the amendments to the Ridgefield Subdivision Regulations, and should therefore be asserted in a declaratory judgment action, rather than in a zoning appeal. Bombero v. Planning Zoning Commission,218 Conn. 737, 742 (1991).
The commission further maintains that the plaintiffs are not aggrieved by the adoption of the subdivision amendments, in that the commission was acting in a legislative capacity.
In order to demonstrate aggrievement, the plaintiffs must satisfy a two prong test for classical aggrievement: (1) that they have a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest such as concern of all members of the community as a whole; and (2) that their specific personal interest has been specifically and injuriously affected by the action of the commission. Wallsv. Planning Zoning Commission, 176 Conn. 475, 477 (1979); Vose
CT Page 5709v. Planning Zoning Commission, 171 Conn. 480, 484 (1976);Cannavo Enterprises, Inc. v. Burns, 194 Conn. 43, 47 (1984). Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest has been adversely affected. Hall v. PlanningCommission, 181 Conn. 442, 445 (1980).
However, except in those instances where a land use amendment targets a particular property (see Nick v. Planning ZoningCommission, 6 Conn. App. 110 (1986)), general amendments to land use regulations usually do not satisfy the first prong of the test for classical aggrievement. Korby v. Plainville Planning Zoning Commission, Superior Court, judicial district of Hartford-New Britain, Docket No. 434816 (September 6, 1989,Aronson, J.) (4 C.S.C.R. 855).
The plaintiffs, as owners of 277 acres of unsubdivided land in the Town of Ridgefield, claim aggrievement in that the amendments affect only a limited area of land in the community 4,121 acres, of which the plaintiffs own between 6 and 7 percent (testimony of John McCoy).
They further maintain that a challenge to the validity of a municipal regulation may arise in the context of a statutory appeal, and need not be asserted by way of a declaratory judgment. Stafford Higgins Industries, Inc. v. Norwalk,245 Conn. 551, 580-82 (1998).
In Cioffoletti v. Planning Zoning Commission,209 Conn. 544, 563 (1989), the Connecticut Supreme Court held that a general attack upon the validity of land use regulations should be the subject of a declaratory judgment, rather than an appeal from the denial of an application submitted pursuant to those regulations.
The rationale for the Cioffoletti rule was to enable all property owners impacted by a particular regulation an opportunity to intervene in the proceeding and be heard.Cioffoletti v. Planning Zoning Commission, supra, 563.
Bombero, supra, involved a factual situation analogous to that presented here.
Bombero concerned an amendment to the Trumbull Subdivision Regulations which excluded from the minimum lot size or acreage CT Page 5710 requirements of the zoning regulations, land designated as wetlands or with existing slopes of more than 25 percent, under certain circumstances. Bombero v. Planning Zoning Commission, supra, 739 n. 4.
The various Bombero plaintiffs owned undeveloped parcels capable of subdivision which contained areas of more than 25 percent slope, or areas designated as wetlands on the town's wetlands map.
The court held, based both on the Cioffoletti rule and the dearth of factual information in the record on which claims of vagueness could be evaluated, that a declaratory judgment was the appropriate device for the plaintiffs to employ.
However, the court specifically stated that the "procedural posture" of a given case could leave a party with no practical alternative but to raise a general attack upon a zoning regulation in the context of an appeal, thus relaxing theCioffoletti rule, and encouraging a case-by-case analysis.Bombero v. Planning Zoning Commission, supra, 745 n. 10.
The plaintiffs argue that Stafford Higgins Industries, Inc.v. Norwalk, supra, a case involving both a tax appeal pursuant to § 12-119 of the Connecticut General Statutes, and a second count seeking a declaratory judgment regarding provisions of a Public Act, has eliminated the necessity for resorting to a declaratory judgment when challenging the adoption of municipal regulations or ordinances.
It is true, that in Stafford Higgins Industries, the author of the Bombero opinion (Justice Borden) abandoned the Cioffoletti
rule, as well as the rationale sustaining the rule. StaffordHiggins Industries, Inc. v. Norwalk, supra, 582.
The court did not, however hold that any challenge to a municipal regulation by way of appeal is acceptable.
It specifically held, under the circumstances presented, the trial court should have adjudicated both the § 12-119 appeal, as well as the claim for declaratory relief. Stafford HigginsIndustries, Inc. v. Norwalk, supra, 554.
Bombero and Stafford Higgins Industries share both a common author and a common understanding that the declaratory judgment CT Page 5711 route is not the only avenue which may be available to challenge the validity of a municipal land use regulation.
Bombero acknowledged that the procedural posture of a given case in "many instances" may necessitate raising a challenge to the validity of a land use regulation in the context of an appeal. Bombero v. Planning Zoning Commission, supra, 745.
In Stafford Higgins, the court analyzed the procedural posture of the case and concluded that an appeal, as well as claims for declaratory relief, could be combined in a single proceeding.
The Bombero plaintiffs challenged the validity of the subdivision regulations, although no subdivision application had been submitted, and a sparse record had been generated.
The contrary result in Stafford Higgins Industries is explained by the combining of the challenge to the constitutionality of a portion of Public Act 94-1, with a tax assessment appeal instituted pursuant to § 12-119 of the Connecticut General Statutes.
Therefore, both claims were accommodated in one action, and the court refused to "balkanize" the challenges between a declaratory judgment action and an appeal (see Bombero v.Planning Zoning Commission, supra, 745).
Examining both Bombero and Stafford Higgins Industries, if a plaintiff attempts to mount a general challenge to a municipal zoning regulation by way of an appeal, three factors should be analyzed: (1) What is the state of the record, both before the agency and on the issue of aggrievement? (2) What is the procedural posture of the cage? (3) Can the plaintiff demonstrate statutory or classical aggrievement?
Here, although the record provides a sufficient basis for review of the plaintiffs' claims, the procedural posture of the case is more akin to Bombero than to Stafford Higgins. These plaintiffs seek to challenge the validity of a municipal land use regulation without having filed an application for subdivision approval with the commission.
There is no indication or evidence that an application either was filed in the past or is contemplated by any of the plaintiffs CT Page 5712 in the future.
While the owner of property which forms the subject matter of an application is always aggrieved; Winchester Woods Associatesv. Planning Zoning Commission, 219 Conn. 303, 308 (1991); such is not the case with one challenging the validity of a zoning regulation separate and apart from an underlying application.
There is no aggrievement when the zoning regulations are amended so that no particular area or property is affected.Sheridan v. Planning Board, 159 Conn. 1, 12 (1969); Mott's RealtyCorp. v. Town Plan Zoning Commission, 152 Conn. 535, 539
(1965).
Nor can the plaintiffs claim to be statutorily aggrieved consistent with § 8-8(a)(1) of the Connecticut General Statutes[1] because the subdivision amendments are of general application, and no particular land is involved in the decision of the commission.
Although the plaintiffs own considerable property in Ridgefield, they have failed to satisfy the first prong of the classical aggrievement test.
The facts here stand in sharp contrast to those in TimberTrails Corp. v. Planning Zoning Commission of Sherman, Superior Court, judicial district of Danbury, Docket No. 272170 (September 16, 1992, Fuller, J.) (7 C.S.C.R. 1178).
In Timber Trails, a general amendment to the subdivision regulations specifically impacted large undeveloped parcels owned by the plaintiffs, and no evidence was presented pointing to other properties which would be affected by the regulation.
The Timber Trails plaintiffs owned 740 acres in a community of 15,000 acres.
Here, while the plaintiffs own substantial property, other landowners are also affected by the subdivision amendments. The first prong of the classical aggrievement test is therefore unsatisfied. R R Assoc. v. Bridgeport Planning ZoningCommission, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 327247 (June 13, 1996, Levin, J.); KorbyPlainville Planning Zoning Commission, supra. CT Page 5713
Based on the posture of the case, the plaintiffs' are not classically aggrieved by the decision of the Ridgefield Planning Zoning Commission. The mere possibility that a property owner may have difficulty at some unspecified future date in subdividing his property, is not sufficient to appeal the adoption of amendments to subdivision regulations. Casner v. EastHaven Planning Zoning Commission, Superior Court, judicial district of ________ Docket No. ________ (1 C.S.C.R. 229).
However, if an application were to be filed, and it could be demonstrated that the subdivision of the property would be adversely affected by the amendments to the subdivision regulations in a manner different from the other unsubdivided property, aggrievement could be found. Land Use Law and Practice, Robert A. Fuller, § 32.5, p. p. 536-37.
A challenge to the validity of the land use regulation, coupled with an appeal from a decision of a land use board or commission concerning an application, would comport with the procedural posture of the case in Stafford Higgins Industries
Applying the Bombero and Stafford Higgins Industries analysis to the facts of this case, the plaintiffs' appeal must be dismissed.
Radcliffe, J.