[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
FACTS
The plaintiffs, all of whom own land located within an Aquifer Protection District (APD) in the Town of Newtown, have appealed from the adoption of amendments to the regulations applicable to the Aquifer Protection District.
The defendant Planning and Zoning Commission of the Town of Newtown, on June 9, 1999, adopted revisions to the existing APD regulations, as well as altering the boundary of the district.
These appeals followed.
Newtown's Aquifer Protection District consists of 8.7 square miles, or approximately 5,568 acres.
The district is not a specific zone, but instead constitutes an overlay zone.
An overlay zone designation means that land encompassed within the APD is subject to additional regulations, which do not apply to non-APD property in the underlying zone.
The Newtown APD is approximately 15 percent of Newtown's total acreage, and approximately 90 percent of the land located within the APD is located in an underlying residential zone.
Prior to the adoption of the amendments challenged in this appeal, all of the plaintiffs, with the exception of Robert H. Hall, owned land situated within the APD.
The Hall property, consisting of approximately 17 acres located on Huntingtown Road, is located primarily in an R-1 (one acre) residential zone, and was included in the APD when the defendant commission revised the APD regulations in June of 1999.
The plaintiffs Kathryn A. Maguire and James P. Maguire III own, or have an interest in three parcels, 13 Berkshire Road, 15 Berkshire Road, and 17 Berkshire Road. CT Page 14486
The Maguire properties are located either in a B-3 or a P-1 zone.
Larry Edwards' parcel consists of 1.247 acres located on South Main Street, in an M-2 Industrial Zone.
The property owned by the Curtis Corporation contains 49.66 acres, and has a history of sand and gravel mining; activities which are prohibited in an APD by the newly adopted regulations.
Of the total acreage, 18.222 acres is located in an R-1 residential zone, and 31.438 acres are located in an M-4 zone.
D D Newtown properties owns 38 acres, located on South Main Street.
The property, located in an M-6 zone, is the site of the only shopping center in the town.
The shopping center can not be expanded, without the removal of quantities of sand and gravel.
The defendant Planning and Zoning Commission of the Town of Newtown moves to dismiss both appeals, claiming that none of the plaintiffs are aggrieved by the adoption of the amendments to the APD regulations or the reconfiguration of the APD boundary lines.
An aggrievement hearing was held, and testimony was received concerning the effect of the adoption of the revised APD regulations on each of the plaintiffs' properties.
The evidence included expert testimony, which claimed that the value of each of the parcels has been adversely affected as a result of the adoption of the regulations.
The plaintiffs do not claim that the action of the defendant commission has resulted in a "taking" of property, in violation of either the United States Constitution, or the Constitution of the State of Connecticut.
A claim is made, however, that the new regulations absolutely prohibit uses of the properties which the plaintiffs would be free to request, were they subject only to the underlying zones.
AGGRIEVEMENT
Pleading and proof of aggrievement are a prerequisite to the court's jurisdiction to entertain an appeal. Smith v. Planning Zoning Board,203 Conn. 317, 321 (1987); Beckish v. Manafort, 175 Conn. 415, 419
CT Page 14487 (1978).
Aggrievement falls into two broad categories; "statutory aggrievement" and "classical aggrievement."
The plaintiffs claim to be both statutorily aggrieved and classically aggrieved.
A party claiming classical aggrievement must satisfy a well established two-fold test: 1) the party must show a special personal and legal interest in the subject matter of the decision, as distinct from a general interest such as a concern of all members of the community as a whole, and 2) the party must demonstrate that the specific personal and legal interest has been specifically and injuriously affected by the action of the commission. Primerica v. Planning Zoning Commission,211 Conn. 85, 93 (1989); Hall v. Planning Commission, 181 Conn. 442, 444
(1980).
While mere generalizations and fears are insufficient to establish aggrievement, Walls v. Planning Zoning Commission, 176 Conn. 475, 478
(1978), aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest has been adversely affected. Huck v. Inland Wetlands WatercoursesCommission, 203 Conn. 525, 530 (1987); Pomazi v. ConservationCommission, 220 Conn. 476, 483 (1991).
Each of the plaintiffs claim to be aggrieved, in that they own land situated within the Aquifer Protection District, and they are therefore affected differently than persons owning property in the same underlying zone, not subject to the additional layer of regulation.
Therefore, each claims to be classically aggrieved by the adoption of the regulations.
In addition, the plaintiff Robert H. Hall owns land not previously included in the Aquifer Protection District.
He claims that the inclusion of his property in the APD has subjected him to what amounts to a change of zoning classification.
Testimony was presented at the aggrievement hearing concerning the impact of the new regulations on each of the properties subject to these appeals.
It was revealed that the new regulations absolutely prohibit uses which the plaintiffs could otherwise request, if subject only to the CT Page 14488 regulations applicable to the underlying zone.
Testimony revealed that the fair market value of each affected parcel would be reduced, in some cases drastically, due to the affect of the regulations.
The plaintiffs contend that they are statutorily aggrieved, because they own property within the APD which is impacted by the challenged amendments. Cole v. Planning Zoning Commission, 30 Conn. App. 511, 514
(1993).
Cole involved an appeal from an amendment to the zoning regulations regarding the operation of sawmills in two residential zones, R-3 and R-5.
The court held that the plaintiffs, as persons owning land within 100 feet of land on which an individual had stated an intention to operate a commercial sawmill, were statutorily aggrieved, and had standing to appeal.
Aggrievement was found, even though no application for a special exception, or site plan approval, had actually been tendered. Cole v.Planning Zoning Commission, supra, 515.
In the same fashion, all of the plaintiffs to this appeal are the owners of property located within the APD, and are affected by the regulations.
Because the plaintiffs have launched a general attack on the validity of the newly adopted APD regulations, their appeal would be barred by the rule established in Cioffoletti v. Planning Zoning Commission,209 Conn. 544 (1989).
The "Cioffoletti Rule" required that a general attack on land use regulations should be made through resort to the declaratory judgment procedure, rather than by way of an administrative appeal. Cioffoletti v.Planning Zoning Commission, supra, 563.
The rationale for this rule was that a declaratory judgment action was uniquely suited to allowing all property owners affected by an action, to be heard in opposition to any proposed amendments to zoning regulations.
This rule was expressly abandoned in Stafford Higgins Industries, Inc.v. Norwalk, 245 Conn. 551, 582 (1998).
Stafford Higgins involved a tax appeal brought pursuant to statute, CT Page 14489 combined with a second count seeking declaratory relief.
The court held that it was not essential in all cases to resort to a declaratory judgment, when challenging an administrative regulation or ordinance. Stafford Higgins Industries, Inc. v. Norwalk, supra, 554.
While abandoning the rigorous adherence to the "Cioffoletti Rule," the court did not indicate that a general attack on the adoption of zoning ordinances and regulations would be permitted under all circumstances by way of appeal. Bombero v. Planning Zoning Commission, 218 Conn. 737,742 (1991).
Bombero, which predated Stafford Higgins, relaxed the "Cioffoletti Rule" in the context of an appeal from the adoption of subdivision amendments restricting building upon areas with slopes which exceeded 25 percent.
Although holding that the paucity of information in the record did not permit a finding of aggrievement when both constitutional and non-constitutional claims were raised, the court specifically stated that the "procedural posture" of a given case might allow a party to attack the adoption of regulations by way of appeal, rather than being compelled to resort of the declaratory judgment route. Bombero v. Planning ZoningCommission, supra, 745 n. 10.
Because Stafford Higgins did not overrule Bombero, a case-by-case analysis is required to determine whether an appeal is proper, or whether a party must resort to declaratory relief.
An examination of both cases reveals a need to analyze the following factors: 1) the state of the record, both before the agency and on appeal concerning the issue of aggrievement, 2) what is the procedural posture of the case, and 3) can the plaintiff demonstrate either statutory or classical aggrievement. Bombero v. Planning Zoning Commission, supra, 745 n. 10; Lewis, Trustee v. Planning Zoning Commission,24 Conn. L. Rptr. 588, 590 (1999). Here, the defendant has expressed "no objection" to the procedural posture of the case.
Unlike Bombero, the challenge made here is on non-constitutional grounds, not on the basis of any alleged constitutional grounds.
The record compiled at the aggrievement hearing and before the agency also stands in sharp contrast to Bombero, where scant information was available to either the trial or the appellate court.
The defendant's reliance upon Sheridan v. Planning Board, 159 Conn. 1
CT Page 14490 (1969), is misplaced.
Sheridan concerned an appeal from an amendment to the Master Plan of Development of the City of Stamford, in order to allow for the creation of a floating zone.
The court held, that until a specific area was designated for the floating zone, the plaintiff was not aggrieved, because no specific parcel was affected or impacted by the adoption of the challenged amendment. Sheridan v. Planning Board, supra, 13.
Where no specific parcel is affected by an amendment to zoning regulations, there can be no aggrievement. Schwartz v. Town Plan Zoning Commission, 168 Conn. 20, 23 (1978).
Nor can aggrievement be demonstrated where an appeal is attempted from a preliminary action, not binding on the land use body as a whole. EastSide Civic Association v. Planning Zoning Commission, 161 Conn. 558,561-62 (1971).
Here, the amendments adopted in June of 1999 affect all of the plaintiffs as owners of property situated within the Aquifer Protection District.
Sufficient evidence was presented at the aggrievement hearing with respect to each of the named plaintiffs.
However, even if a single plaintiff or more than one plaintiff was found not to be aggrieved, the court would have subject matter jurisdiction. It is not necessary to resolve whether each of the plaintiffs is aggrieved. Concerned Citizens of Sterling, Inc. v.Connecticut Siting Council, 215 Conn. 474, 479 (1990); Nowicki v.Planning Zoning Board, 148 Conn. 492, 495 (1961).
As the owners of property within the Aquifer protection District, the plaintiffs have demonstrated that their interests have been specifically and injuriously affected by amendments to the regulations applicable to the overlay zone. (See Timber Trails Corp. v. Planning ZoningCommission, 222 Conn. 374, 376 (1992); Bartlett v. Zoning Commission,161 Conn. 24, 29 (1971); Fletcher v. Planning Zoning Commission,158 Conn. 495, 502-03 (1969); Pomazi v. Conservation Commission, supra, 483; Goodridge v. Zoning Board of Appeals, 58 Conn. App. 760, 767 (2999) [(1999) — JRW].
Like the plaintiffs in Pomazi, supra, 483, where the possibility that a stream flowing through property would be polluted by a horse riding CT Page 14491 academy, and that a well could be adversely affected, the plaintiffs have demonstrated more than mere generalizations and fears in support of their aggrievement claims.
Furthermore, as to the plaintiff Robert H. Hall, his ownership of property included within the district for the first time is sufficient to render him statutorily aggrieved by that fact alone. Summ v. ZoningCommission, 150 Conn. 79, 83-84 (1962).
Because the plaintiffs have established both statutory and classical aggrievement by virtue of the adoption of the amendments to the Aquifer Protection District regulations by the Planning Zoning Commission of the Town of Newtown, the motions to dismiss filed in each appeal, are denied.
Radcliffe, J.