EDWART G. WALLS, JR., ET AL. *v.* PLANNING AND
ZONING COMMISSION OF THE TOWN OF AVON
ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued November 13, 1978—decision released January 16, 1979

*Thomas P. Byrne,* for the appellants (plaintiffs).

*John Rose, Jr.,* with whom was *Robert B. Fawber,*
for the appellee (defendant Avon Mountain Estates,
Inc.).

*Austin Carey, Jr.,* with whom was *Robert C. Hunt,
Jr.,* for the appellee (named defendant).

PER CURIAM. By complaint dated July 29, 1977,
the plaintiffs appealed to the Court of Common
Pleas from the granting of a subdivision application
of the defendant Avon Mountain Estates, Inc., by
the defendant planning and zoning commission
(hereinafter the commission). The plaintiffs are
residents of the town of Avon and own property
which abuts the defendant's property. In their
appeal, the plaintiffs claimed to be aggrieved by the
decision of the commission, in that the subdivision
"provides a drainage system that will aggravate ...
erosion problems ... and will greatly increase
vehicular traffic and alter established traffic patterns

in the area . . . [and] lessen the property values of the plaintiffs' premises." The Court of Common Pleas took evidence limited to the question of aggrievement and, in its limited finding, determined that the plaintiffs had failed to carry their burden of showing specific facts demonstrating aggrievement, and dismissed the plaintiffs' appeal.[1] The court found further that even if aggrievement were established, the action of the commission in approving the defendant's subdivision application was not illegal, arbitrary or in abuse of discretion. Since we find no error in the court's finding or judgment with respect to the plaintiffs' inability to demonstrate aggrievement, we need not address the second ground of the court's decision.

The finding of the Court of Common Pleas that the plaintiffs were not aggrieved by the commissioner's action will not be disturbed on appeal unless the subordinate facts found do not support that finding. *Fletcher* v. *Planning & Zoning Commission*, 158 Conn. 497, 503, 264 A.2d 566. A review of the finding discloses that the testimony of the plaintiffs

[1] This appeal was taken from the decision of an administrative body which sits as both a planning and zoning commission. The regulation of the subdivision of land is clearly a function of the planning power; *Purtill* v. *Town Plan & Zoning Commission*, 146 Conn. 570, 572, 153 A.2d 441; *Beach* v. *Planning & Zoning Commission*, 141 Conn. 79, 82, 103 A.2d 814; and, as such, appeals from commission action relating to subdivisions is governed by General Statutes § 8-28 and is limited to persons "aggrieved" by an official action or decision.

This appeal was not taken under the auspices of General Statutes § 8-8, which applies to zoning appeals, where the status of abutting landowner authorizes an appeal from an official action. As opposed to an appeal from commission action in its zoning capacity under § 8-8, an abutting landowner must prove aggrievement independent of his "abutting" status in an appeal from a decision regarding a subdivision application under § 8-28. *Vose* v. *Planning & Zoning Commission*, 171 Conn. 480, 484–85, 370 A.2d 1026.

Edwart Walls and Elizabeth Brucker[2] at the hearing as to their "aggrievement" related only to issues of traffic. They expressed "concern," "fear" and "apprehension" that the subdivion approval *might* result in increased traffic; no specific evidence was offered, however, to support those fears. The court found that the unsubstantiated fears of the plaintiffs did not establish aggrievement, and concluded that "the plaintiffs failed to show that they had a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest such as is the concern of all members of the community, and that they were specifically and injuriously affected in their property or other legal rights."

We have only recently had occasion to reaffirm the criteria by which the question of aggrievement is to be determined. "Review of an action of a planning and zoning agency exists only under statutory authority. *Schwartz* v. *Town Plan & Zoning Commission,* 168 Conn. 20, 25, 357 A.2d 495; *Tazza* v. *Planning & Zoning Commission,* 164 Conn. 187, 191, 319 A.2d 393. General Statutes . . . [§ 8-28] permit[s] appeals from a decision of a zoning commission only by one 'aggrieved' by the contested decision." *Bell* v. *Planning & Zoning Commission,* 174 Conn. 493, 495, 391 A.2d 154. Compliance with these provisions encompasses a well settled, twofold test: " 'First, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrieve-

---

[2] The remaining plaintiff, Ruth Hass Fassler, did not testify at the hearing on aggrievement.

ment must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision.' Cf. General Statutes § 19-402; *New Haven* v. *Public Utilities Commission,* [165 Conn. 687, 700, 345 A.2d 563]; *Sheridan* v. *Planning Board,* 159 Conn. 1, 13, 266 A.2d 396; *Johnson* v. *Zoning Board of Appeals,* 156 Conn. 622, 623, 238 A.2d 413; *Krejpcio* v. *Zoning Board of Appeals,* 152 Conn. 657, 660, 211 A.2d 687." *Beckish* v. *Manafort,* 175 Conn. 415, 420, 399 A.2d 1274, quoting *Nader* v. *Altermatt,* 166 Conn. 43, 51, 347 A.2d 89.

It is a well established principle that mere generalizations and fears such as those about which the plaintiffs testified at the hearing do not establish aggrievement. *Sheridan* v. *Planning Board,* 159 Conn. 1, 14, 266 A.2d 396; *Hughes* v. *Town Planning & Zoning Commission,* 156 Conn. 505, 508, 242 A.2d 705; *Tucker* v. *Zoning Board of Appeals,* 151 Conn. 510, 516, 199 A.2d 685; *Joyce* v. *Zoning Board of Appeals,* 150 Conn. 696, 698, 187 A.2d 239. Neither does the fact that the plaintiffs owned property abutting the proposed subdivision, in and of itself, establish aggrievement. See note 1, supra; *Vose* v. *Planning & Zoning Commission,* 171 Conn. 480, 484-85, 370 A.2d 1026. None of the facts found by the court compels the conclusion that the plaintiffs were aggrieved by the decision of the commission. To the contrary, the facts found were adequate to support its conclusion that the plaintiffs were not aggrieved. Consequently, that conclusion cannot be disturbed. *Parcesepe* v. *Zoning Board of Appeals,* 154 Conn. 46, 47, 221 A.2d 270.

We find no error in the judgment of the court that the plaintiffs failed to carry their burden on

the issue of aggrievement. Pleading and proof of aggrievement were prerequisites to the trial court's jurisdiction over the subject matter of the plaintiffs' appeal. *Fletcher* v. *Planning & Zoning Commission,* 158 Conn. 497, 501, 264 A.2d 566; *Hughes* v. *Town Planning & Zoning Commission,* 156 Conn. 505, 509, 242 A.2d 705. In the absence of such pleading and proof, the court properly dismissed the appeal.

There is no error.