[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The motion to dismiss should be granted as to plaintiff Citizens Against the Mall (CAM) for lack of aggrievement. Cam owns no real property in Connecticut. Although its membership is comprised of some residents and some property owners in Plainville, CAM cannot represent them based on their property interests. Mystic Marinelife Aquarium, Inc. v. Gill, 175 Conn. 483, CT Page 2241 496.
The motion to dismiss should also be granted as to plaintiffs Korby and Bonola. Although neither plaintiff owns property within 100 feet of the proposed Mall, they claim that their legal interests are specifically and injuriously affected by the PCZ's approval of the site plan. The basis for their claim is that the use of the property for a mall will increase traffic and cause increase in their automobile insurance premiums. They also claim that the construction of the Mall will cause increased town expenditures for road maintenance, increased demand for town water, sanitary sewers and storm sewer capacity, and increased property taxes on their property. They further claim that a mall on the proposed site will create environmental damage.
"The fundamental test for determining aggrievement encompasses a well-settled twofold determination: first, `the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision."' Mystic Marinelife Aquarium, Inc. v. Gill, 175 Conn. 483, 493, quoting Nader v. Altermatt, 166 Conn. 43, 51. "The determination of aggrievement presents a question of fact for the trial court and a plaintiff has the burden of proving that fact. Mystic Marinelife Aquarium, Inc. v. Gill, supra at page 493.
The court finds that none of the three named plaintiffs (CAM, Korby, and Bonola) has presented any credible evidence of aggrievement. They expressed concern that there might be increased traffic, decrease in the value of their property, and other problems as a result of the site plan approval. However, the concerns were unsubstantiated fears. The plaintiffs failed to show that they had a specific, personal and legal interest in the subject matter of the decision of the Planning and Zoning Commission as distinguished from a general interest such as is the concern of all members of the community. Walls v. Planning Zoning Commission, 176 Conn. 475.
Accordingly, the motion to dismiss is granted.
FRANCES ALLEN SENIOR JUDGE CT Page 2242