[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant action is an appeal by plaintiff instituted pursuant to Conn., Gen. Statutes, sec. 8-8, from the denial of a variance by the defendant, Hartford Zoning Board of Appeals (hereinafter "Board"). The plaintiff, John Rondinone, had applied to the Board on August 29, 1988 for a variance from the Hartford municipal Code to allow him to park vehicles between his building line and the street line at 455 Wethersfield Avenue. The Board conducted a hearing on said application on November 1, 1988. Thereafter, said Board voted unanimously to deny his request upon finding that hardship had not been demonstrated under the Hartford Zoning ordinances, that the applicant had created his own hardship, and that the problem was not unique to the site in question. CT Page 3847
 I
AGGRIEVEMENT
Any person "aggrieved" by any decision of a municipal zoning authority may take an appeal to the Superior Court for the Judicial District in which the municipality is located. C.G.S., sec. 8-8 (b) the "classic" test of aggrievement encompasses a well-settled, two-fold test: "First, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision." Walls v. Planning Commission, 176 Conn. 475, 477-478. Mere generalizations and fears do not establish aggrievement. Pleadings and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of the plaintiff's appeal. Walls, supra, pp. 478-479 (emphasis supplied). C.G.S., sec. 8-8 (a)(1), as amended in 1989 by P.A. 89-356, refers to an "aggrieved person" as including "any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board". Since the latter reference to "abutting land or to land within a radius of 100 feet" prescribes an area in terms of its relationship to the subject parcel, the plain language of the statute excludes the parcel itself.
At the hearing before the trial court, the plaintiff offered no evidence to prove that the plaintiff owned the land that was the subject of the variance. Such proof is a jurisdictional prerequisite. Walls, supra, p. 479; see also, Fletcher v. Zoning Commission, 158 Conn. 497, 501-502. Neither classical nor statutory aggrievement has been established by the plaintiff. The appeal is dismissed for lack of subject matter jurisdiction.
 II
DISCUSSION ON THE MERITS OF THE APPEAL
This court is not unaware of the language and spirit of C.G.S., sec. 8-8 (p), wherein it is stated, "The right of a person to appeal a decision of a board to the superior court, and the procedure prescribed in this section, shall be liberally interpreted in any case where a strict adherence to these provisions would work surprise or injustice." For this reason, and in the interest of possible judicial economy, this court will address the merits of the instant appeal. CT Page 3848
(A)
 WHETHER THE BOARD ACTED ILLEGALLY, ARBITRARILY OR IN ABUSE OF ITS DISCRETION WHEN IT DENIED PLAINTIFF'S APPLICATION FOR A VARIANCE
Under General Statutes 8-6 (3), the board may grant a variance provided (1) the variance is shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning regulation is shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Adolphson v. Zoning Board of Appeals, 205 Conn. 703,709 (1988). In order to constitute hardship for the purposes of a variance, the hardship must be different in kind from that generally affecting properties in the same zoning district, and must arise from circumstances or conditions beyond the control of the property owner. The hardship which justifies a board of zoning appeals in granting a variance must be one that originates in the zoning ordinance and arises directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved. Pollard v. Zoning Board of Appeals,186 Conn. 32, 39-40 (1982), Where the claimed hardship arises from the applicant's voluntary act, however, a zoning board lacks the power to grant a variance. Whittaker v. Zoning Board of Appeals,179 Conn. 650, 658 (1980).
The record reflects that the plaintiff, John Rondinone, is now and has long been engaged in the automotive business located at 455 Wethersfield Avenue, Hartford, Connecticut. On August 29, 1988, the plaintiff, designated as a corporation on the application, applied for a variance from the Hartford Zoning Ordinances to allow parking in front of the building line at that location.
Section 35-6.1(K) of the Hartford Municipal Code prohibits parking in front of the building line. Under section 35-13.9(B) of the Code, the Board has the authority to grant variances on the basis of hardship only if all of the following criteria are satisfied: (1) If the owner of the property complied with the provisions of the code, he would not be able to make a reasonable use of his property; (2) the difficulties or hardship are (sic) peculiar to the property in question in contrast with those of other properties in the same district; (3) the hardship was not a result of the applicant's own action; and (4) the hardship is not merely financial or pecuniary.
The record also reveals that plaintiff purchased the land in question in 1979; that the parcel of land in question has been the subject of previous actions before the Board; that on April 19, 1960 the owner was granted a permit to engage in automobile repair; that on October 3, 1978, the owner was granted a special CT Page 3849 exception to use the existing building at the rear of the property, which did not then meet the minimum northerly side and rear yard requirements for the sale, display and repair of used cars; that on April 7, 1981, the plaintiff was granted a variance, a special exception and an approval of location to allow the transfer of approval for general auto repair, sale and display and the repair of used cars from the building at the rear portion of the lot to a building that was proposed for construction at the front of the lot; and that on the same date the plaintiff was granted a special exception from the minimum northerly side and rear yard requirements for a building on the rear portion of the lot to allow storage and inventory of parts in connection with the automobile repair and used car dealership.
The plaintiff alleges in his complaint that the Board acted illegally, arbitrarily and in abuse of its discretion in denying the application for the following reasons: (1) the Board failed to cite adequate reasons for denying the application; (2) the reasons cited by the Board in denying the application are not supported by the evidence; (3) in denying the plaintiff's application for a variance, the Board unreasonably prevented the plaintiff from making a reasonable use of the property, and (4) the Board's denial of its application for the variance prevented the plaintiff from using his property in the same manner as other similarly situated businesses. All of the plaintiff's allegations essentially deal with the issue of hardship.
(2)
Hardship
The plaintiff contends in his brief that the Board's determination that the plaintiff's hardship had been self-induced was erroneous because the "hardship upon which the plaintiff is making this application was not created by him, but rather by the practice of others in the neighborhood to park in front of the building line". The plaintiff further urges that the Board "chose not to address the plaintiff's hardship caused by the surrounding parking."
The trial court may not substitute its judgment for the wide and liberal discretion vested in the local authority when acting within its prescribed powers. The court may grant relief only where local authority has acted illegally or arbitrarily or has abused its discretion. Frito-Lay, Inc. v. Planning Zoning Commission, 206 Conn. 554, 572-573 (1988). Conclusions reached by the board or commission must be upheld by the trial court if they are reasonably supported by the record. The credibility of the witnesses and the determination of issues of fact are matters solely within the province of the agency. The action of the CT Page 3850 commission should be sustained if even one of the stated reasons is sufficient to support it. Burnham v. Planning Zoning Commission, 189 Conn. 261, 265 (1983). The burden of proof to demonstrate that the board acted improperly is upon the plaintiff. Adolphson v. Zoning Board of Appeals, supra, p. 707.
The record discloses that, by certified mail, the Board sent to the plaintiff the following notice of the Board's unanimous decision to deny the plaintiff's request for a variance:
 voted: To deny the request because hardship has not been demonstrated under Section 35-13.9(b) subsections 1, 2, 3 and 4 of the Hartford Zoning Ordinance; that the applicant created his own hardship and that problem is not unique to this site.
The record also reflects that the Committee on City Plan Staff found at its meeting on November 1, 1988, the following:
 In 1981, Staff supported the applicants [sic] request to allow a used car business, believing the site had ample on-site area for repair, display and parking areas to the rear of the lot. At that time the current ordinance for parking forward of the building line was in effect. The applicant created his own hardship by locating the building on the building line, therefore precluding parking in front of the building. Concerns about conflicts in existing traffic patterns or vehicular congestion in the immediate area of the site were thought to be minimal. The request was granted by the board with conditions which included no outside storage of inoperable, unregistered or disabled vehicles and no vehicles would be displayed or parked in front of the proposed building and appropriate landscaping of the area would be provided to prevent such display or parking.
The record further discloses that the Staff recommended that the Board deny the instant request for the variance "because there is no indication that a valid hardship exists."
The record further reveals that at the hearing before the Board, the plaintiff acknowledged that he had been the applicant on the April 7, 1981 application for special exception. At the November 1, 1988 hearing, Board member Bielawiec stated to the plaintiff, "So you create[d] a hardship for yourself the way you constructed [the building] . . . If you placed the building farther back, you wouldn't have that kind of problem." CT Page 3851
The record contains facts sufficient for the Board to have concluded that the alleged hardship of plaintiff had been self-created. The plaintiff has failed to sustain his burden of proving that the Board acted illegally, arbitrarily, or in abuse of its discretion. Accordingly, the appeal on the merits should be dismissed.
For either of the foregoing reasons, the appeal must be dismissed.
BY THE COURT Doyle, J.