[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative appeal brought by the plaintiff Courtland Gardens Health Center, Inc. (hereinafter Courtland), pursuant to Connecticut General Statutes 19a-158 and 4-183, from a final decision rendered by the defendant Commission on Hospital and Health Care (hereinafter Commission), which denied Courtland's request for authorization of a cost overrun in the amount of $1,063,900. The cost overrun is an amount in excess of the original amount approved by the Commission's previous order which granted a certificate of need to renovate and expand Courtland's facility at a total capital cost of $2,068,900, excluding capitalized financing costs. (R.R. 2, 00. 1-6).
The plaintiff Courtland contends that the defendant Commission's actions violated its legal obligations by: (1) failing to consider the criteria listed in Connecticut General Statutes 19a-153; (2) failing to make written findings as required by 19a-53; (3) failing to follow its own precedent; (4) imposing a standard of review that exceeds its statutory authority; (5) improperly applying a substantive rule of general applicability in the absence of duly promulgated regulations; and (6) failing to approve the application because the application met all the statutory criteria for approval. See Plaintiff's Memorandum dated May 10, 1988, pp. 19-70 and Plaintiff's Reply Memorandum dated July 2, 1990, p. 13.
The plaintiff Courtland requests this court to reverse the defendant Commission's decision and remand it with direction to approve Courtland's application or, in the alternative, to vacate the Commission's decision and remand it with direction to proceed according to law. See Plaintiff's Reply Memorandum pp. 13-14.
The defendant Commission contends in its memorandum that its decision clearly states that it denied the cost overrun based upon the fact that the plaintiff Courtland intentionally misled the Commission, and there is clear and convincing evidence in the record to support this position. The defendant Commission further argues that, had it ruled otherwise, it would have set a precedent, clearly substantiated on the record, that an applicant could enter an agreed settlement in bad faith, and therefore, its decision in this case must be upheld. See Defendant Commission Memorandum, pp. 3-4.
This matter now before the court is a companion case to that of Homestead Health Center, Inc. v. Commission on Hospitals and Health Care, and Courtland Gardens Health Center, Inc. D.N. CV88 0091671. Homestead has been made an additional party defendant in the instant matter and remains a plaintiff in the companion matter. By way of background, the defendant Commission had originally consolidated the applications of both Homestead and Courtland Gardens for hearing before the CT Page 3971 Commission. (R.R. 1, p. 448).
The plaintiff appeals the decision of the defendant Commission which denied a cost overrun in the amount of $1,063,000 sought by plaintiff for the renovation of its health care facility. Courtland Gardens Health Center, Inc. is a licensed 180 bed skilled nursing facility (SNF) located at 59 Courtland Avenue, Stamford, Connecticut. (R.R. 2, p. 3).
This cost overrun of $1,063,000 is in excess of the amount approved by the Commission in its previous order of November 25, 1986, which granted a Certificate of Need to the plaintiff Courtland at a total cost of $2,068,900 excluding capitalized financing costs. (R.R. 2, p. 3).
The Commission was notified on April 13, 1987, that the capital cost to complete the project would exceed the amount approved by the Commission pursuant to the Certificate of Need. (R.R., 3 Exh. A, p. 9). The plaintiff seeks a total of $3,131,900.
The defendant Commission thereafter requested additional information from the plaintiff regarding the cost overruns. (R.R. 3, Exhibit B, pp. 15-16). This information was provided by the plaintiff on June 22, 1987, along with attached documents consisting of 321 pages. (R.R. 3, Exh. C). See also (R.R. 3, Exhibit E, F, G and H).
The plaintiff claims in its appeal petition that it has exhausted all available administrative remedies and is aggrieved by the agency findings, conclusion, decision and order in this case, which plaintiff alleges is a "final decision of commission" within the meaning of Connecticut General Statutes 19a-158 and a "final decision in a contested case" within the meaning of Connecticut General Statutes 4-183(a).
The plaintiff further alleges that it is aggrieved by the findings, conclusions, decision and order particularly with respect to, but not limited to, the following:
 (a) the failure of the Commission to consider the criteria for review mandated by Connecticut General Statutes 19a-153 and 19a-155 and to provide written findings concerning the criteria set forth in Connecticut General Statutes 19a-153;
 (b) the Commission's apparent imposition of a requirement that applications for increased cost must show that the additional cost would further enhance or improve the criteria outlined under Connecticut General Statutes 19a-153 when such a requirement does not appear in the statutes;
 (c) the Commission's utilization of the criteria of foreseeability of the cost increase and whether CT Page 3972 the cost increase was beyond the control of the plaintiff/applicant to the exclusion of the criteria set forth in the statutes for review of this application;
 (d) the conclusion that the increased costs were foreseeable and within the control of the plaintiff/applicant;
 (e) the failure of the Commission to follow its own precedent, and to utilize the same criteria and method of analysis in evaluating the plaintiff/applicant's request as it had used in numerous previous cases of the same nature;
 (f) the utilization by the Commission of rules of decision which had not been promulgated as regulations pursuant to the UAPA;
 (g) the focus of the Commission on its conception of the plaintiff/applicant's conduct and timeliness of notification of the Commission of the cost increase, to the exclusion of any analysis of the merits of the application;
 (h) the conclusion of the Commission that the reason for the modification is to correct known understatements of the original project estimate;
 (i) the denial of the plaintiff/applicant's request to authorize the increased capital expenditure sought by the plaintiff/applicant.
The plaintiff alleges that it is further aggrieved by the decision and order of the Commission in that the Commission's order and decision may prevent the plaintiff from recovering any increased costs of the renovations by inclusion of such costs in the computation of per diem rates which are determined by the Connecticut Department of Income Maintenance, and which will cause serious financial hardship to the plaintiff. See Plaintiff's appeal petition, pp. 10-11.
The plaintiff has requested the following relief in its statement of remedies sought:
 (1) An order reversing the order of the Commission and mandating that the Commission approve the application; and/or
(2) An order vacating the decision of the Commission; CT Page 3973
 (3) An order remanding the case to the Commission and directing the Commission to conduct such further proceedings as are necessary and appropriate to evaluate the plaintiff's application according to law;
 (4) An order remanding the proceeding to the Commission for further hearing and consideration of the application and utilizing the appropriate statutory criteria in an manner consistent with the Commission's consideration of past decisions of a similar nature, and without utilization of criteria or rules of decision which are contrary to the statute, promulgated on unlawful procedure, or otherwise contrary to law;
 (5) For such other and further relief as justice and equity may require.
See Plaintiff's Statement of Remedies Sought.
The principal issues presented before the court are:
(1) Whether plaintiff is an aggrieved party.
 (2) Whether the defendant Commission considered the statutory criteria of Connecticut General Statutes 19a-153 and 19a-155 when it rendered its decision.
(3) Whether the plaintiff's appeal should be sustained.
I. Aggrievement
"It is fundamental that, in order to have standing to bring an administrative appeal, a person must be aggrieved." Connecticut Business Industries Assn. Inc. v. CHHC, 214 Conn. 726,729 (1990).
 The fundamental test by which the status of aggrievement for purposes of qualifying to take an appeal from an administrative order or regulation is determined encompasses a well-settled two-fold determination. First, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest CT Page 3974 has been specially and injuriously affected by the decision.
Id. at 730, citing Nader v. Altermatt, 166 Conn. 43, 51 (1974).
If the plaintiff does not plead and prove aggrievement the court lacks jurisdiction over the subject matter of the appeal. Walls v. PZC, 176 Conn. 475, 477-479 (1979); Bakelaar v. West Haven,193 Conn. 59, 65 (1984).
The plaintiff has successfully pleaded and has demonstrated a specific, personal and legal interest which has been specially and injuriously affected by the Commission's final decision. Therefore, the court finds that the plaintiff is aggrieved.
II Final Decision
In addition to establishing aggrievement a party desiring judicial review of an agency's action must establish that the injury resulted from a final decision in a contested case. Ardmare Construction Co. v. Freedman, 191 Conn. 497, 503 (1983).
The record reflects that a final decision of a contested case was rendered by the defendant Commission on November 17, 1987. See (R.R. 2 p. 1).
III Scope of Review
The Uniform Administrative Procedures Act governs judicial review of and administrative action. New Haven v. FOIC, 205 Conn. 767,773 (1988). The scope of that review is very restricted. Id. The court is only to decide whether in light of the evidence, the agency has acted unreasonably, arbitrarily, or in abuse of its discretion. Id. If any reasons support the agency's decision, the decision must be upheld Griffin Hospital v. CHHC, 200 Conn. 489, 498 (1986).
judicial review of conclusions of law reached by an administrative agency is, however, limited. New Haven v. FOIC, 205 Conn. at 774; Griffin,200 Conn. at 489, 496-97. The court's ultimate duty is only to decide whether, in light of evidence, the agency has acted arbitrarily, unreasonably or in abuse of its discretion. New Haven, 205 Conn. at 774.
IV. Review of Criteria Set Forth in Connecticut General Statutes 19a-153, and 19a-155.
Connecticut General Statutes 19a-153 provides:
"(a) In its deliberations under any of sections 19a-151 to19a-156, inclusive, the commission shall take into consideration and make written findings concerning each of the following criteria: The CT Page 3975 relationship of the proposal to the state health plan; the relationship of the proposal to the applicant's long-range plan; the financial feasibility of the proposal, and its impact on the applicant's rates and financial condition, the proposal's contribution to quality, accessibility and cost-effectiveness of health care delivery in the region; the relationship of the proposed change to the applicant's current utilization statistics; the teaching and research responsibilities of the applicant; the special characteristics of the patient-physician mix of the applicant; the voluntary efforts of the applicant in improving productivity and containing costs; and any other factors which the commission deems relevant, including in the case of a facility or institution as defined in subsection (c) of section 19a-490, such factors as, but not limited to, the business interest of all owners, partners, associates, incorporators, directors, sponsors, stockholders and operators and the personal backgrounds of such persons.
(b) Any data submitted to or obtained or compiled by the commission with respect to its deliberations under sections 19a-151 to19a-156, inclusive, with respect to nursing homes, licensed under chapter 368v, shall be made available to the department of health services.
(c) Notwithstanding the provisions of subsection (a) of this section, the commission in its deliberations under sections 19a-151, 19a-152 to 19a-165q, inclusive, shall not direct of control the use of the following resources of the hospital concerned: The principal and all income from restricted and unrestricted grants, gifts, contributions, bequests and endowments."
The plaintiff Courtland initially contends that the defendant Commission, by its failure to consider the criteria mandated by Connecticut General Statutes 19a-153 and 19a-155 has acted arbitrarily and unlawfully and has abused its discretion.
Connecticut General Statutes 19a-155 states in pertinent part that: "The Commission shall consider such request in relation to the community or regional need for such capital program or purchase of land, the possible effect on the operation costs of the health care facility or institution, and such other relevant factors as the commission deems necessary."
The plaintiff contends that the Commission, in its decision, failed to make any findings of fact, reach any conclusions, engage in any discussion, or otherwise provide any indication whatsoever that it had reviewed the voluminous evidence presented by the plaintiff in relation to these criteria, which plaintiff adds, must by law be considered in the Commission's deliberations. The plaintiff further argues that the Commission's failure to make findings of fact with respect to these statutory criteria in and of itself requires reversal of the decision. See (Plaintiff Homestead's Memorandum dated May 10, 1988, pp. 30-31 and f. 6, p. 31). CT Page 3976
Record Item 2, page 5, "Discussion and Conclusions" contained in the final decision, states that "[t]he Commission also considered the criteria for review as set forth in sections 19a-153 and 19a-155, C.G.S. Based on these considerations the following conclusions are formulated" (R.R. 2, p. 5).
It is necessary for the court to search the record to determine whether the defendant Commission actually considered the criteria listed in Connecticut General Statutes 19a-153 and 19a-155.
The Commission stated in its decision that "[w]ith respect to the criteria under Section 19a-153, C.G.S. there is no evidence to show that the additional funds being expended would improve or enhance any of the criteria identified under Section 19a-153, C.G.S." (R.R. 2, p. 6).
Connecticut General Statutes 19a-153 mandates that the Commission "shall take into consideration and make written findings concerning each of the following criteria." Where the language used by the legislature is plain and unambiguous, there is no room for statutory construction by the courts and the statute will be applied as its words direct. Kelemen v. Rimrock Corp., 207 Conn. 599, 9, 606 (1988).
There is nothing in the record to reflect what the Commission's findings were pursuant to the statutory criteria of Connecticut General Statutes 19a-153. Moreover, the Commission's statement that there was no evidence to show that the additional funds would improve or enhance any of the criteria listed under Connecticut General Statutes 19a-153 dies bit fulfill the statutory mandate which requires specific written findings on the part of the Commission.
Accordingly, the court remands this matter to the defendant Commission with direction to the Commission to proceed pursuant to the prescribed mandate of Connecticut General Statutes 19a-153 and 19a-155 and more specifically the court orders the Commission to make written findings concerning the criteria listed in the above two statutes. See (R.R. 16, p. 1085, para. 1).
COCCO, J.