[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On January 5, 1990, Mayor Joseph Santopietro applied to the defendant, The Zoning Commission of the City of Waterbury (hereinafter the "Commission"), to amend 7.13 and 7.14 of the Waterbury Zoning Ordinance. The proposed amendment prohibited the issuance of a building permit and/or certificate of occupancy if the applicant was delinquent in the payment of property taxes and/or water rents. On May 16, 1990, the Commission granted Santopietro's application and on May 18, 1990 its decision was published.
On May 29, 1990, the plaintiff Donald J. Ghent (hereinafter the "Appellant"), filed this appeal. He alleges in his complaint that he is an aggrieved person, because he:
 "owns improved and unimproved vacant developable land in the City of Waterbury and is engaged in the trade, business and profession of constructing and contracting to construct buildings, from time to time which are the subject of this regulation and from time to time based upon plaintiff's knowledge and experience of municipal assessment and collection practices can or may be CT Page 5556 temporarily delinquent with respect to properties subject to real properties subject(sic) to tax and is therefor(sic) aggrieved by the decision of the Zoning Commission and the action of the applicant."
The Commission argues that the appellant is not aggrieved within the meaning of Connecticut General Statutes 8-8(a).
In order to take advantage of a statutory right to appeal from a decision of an administrative agency, there must be strict compliance with the statutory provisions which created the right. Simko v. Zoning Board of Appeals, 206 Conn. 344, 377 (1988). "[A]ny person aggrieved by any decision of a board may take an appeal to the superior court for the judicial district in which the municipality is located." Connecticut General Statutes 8-8(b).
Aggrievement is a prerequisite to maintaining an appeal. See Smith v. Planning and Zoning Board, 203 Conn. 317, 321 (1987). Unless the Appellant alleges and proves aggrievement, his case must be dismissed. Fuller v. Planning and Zoning Commission, 21 Conn. App. 340,343 (1990).
In order to be aggrieved, one must have a specific personal and legal interest in the subject matter of the agency's decision, as opposed to a general interest, which is the concern of all members of the community; one must also be specially and injuriously affected as regards property or other legal rights. Primerica v. Planning Zoning Commission, 211 Conn. 85, 93 (1989). "The question of aggrievement is one of fact to be determined by the trial court on appeal." Id. Aggrievement depends upon the facts of each case. See Bell v. Planning Zoning Commission,174 Conn. 493, 498 (1978).
Aggrievement is established if "there is a possibility, as distinguished from a certainty, that some legally protected interest. . . has been adversely affected." Hall v. Planning Commission, 181 Conn. 442, 445 (1 (1980). Mere generalizations and fears do not prove that an appellant is an aggrieved person. Catabiano v. Planning Zoning Commission, 211 Conn. 662, 668
(1989).
Unsubstantiated fears of the Appellant do not establish aggrievement. Walls v. Planning Zoning Commission, 176 Conn. 475,477 (1979). The Appellant's "concern", "fear" and "apprehension" that a zoning commission's action might have an injurious result absent specific evidence is not sufficient. Id.
The Appellant's allegations in paragraph 6 of the complaint CT Page 5557 suggest that he is aggrieved by the zoning commission's action because he "can or may be temporarily delinquent" in the payment of real property taxes and may be denied a certificate of occupancy at some future time.
At the hearing, the Appellant presented the following factual scenario in attempting to establish that he was aggrieved. The Appellant is a real estate developer who owns several pieces of real estate in the City of Waterbury; and at particular times in the past he has been delinquent in paying the property taxes on several of his properties. The present proceeding does not arise out of any adverse action by the Commission as against any of the Appellant's properties. The Appellant has not been denied a building permit nor a certificate of occupancy by his failure to pay taxes.
The Appellant's allegations in his complaint and the evidence presented at the hearing do not rise above the level of mere generalizations and concern, fear and apprehension about what might occur in the future. Such speculative evidence cannot serve as the basis for a finding that the Appellant is aggrieved by the action of the Commission in passing the instant ordinance so as to maintain this appeal.
Accordingly, the appeal is dismissed.
BYRNE, J.