[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO INTERVENE
Before the court for its decision is a motion by the City of West Haven for permission to intervene as a party plaintiff in the above entitled appeal. The appeal arises out of a decision of the Orange Planning and Zoning Commission granting a zone change on property owned by E Z Stor of Orange Limited Partnership. The zone change resulted from a petition filed by Wal-Mart Stores, Inc. The plaintiffs are all abutting property owners or within 100 feet of the property in question.
The City of West Haven is basing its request on the fact that Meloy Road abuts the project and is a public highway within the City, thereby permitted it to intervene. Meloy Road is a highway within the City of West Haven dedicated for public use. While this may entitled them to regulate the passage of traffic over said highway, it conveys no title in fee to the City. This remains with the abutting owners. The City's interest in Meloy Road gives them no greater interest than that of any other resident of West Haven, namely a general interest. Thus the City has no statutory right to intervene pursuant to Conn. General Statutes 8-8 (a).
The test for aggrievement is two pronged: "First the party claiming aggrievement must demonstrate a specific personal or legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must establish that this specific, personal and legal interest has been specially and injuriously affected by the decision." Walls v. Planning Zoning Commission, 176 Conn. 476, 477-78, 408 A.2d 252
(1979); Hall v. Planning Commission, 181 Conn. 442, 444. The City of West Haven does not show any interest that is specific, personal or legal as distinguished from a general interest of the community as a whole nor can they show that they have been specially and injuriously affected by the decision.
The City of West Haven further requests that they be granted the right of permissive intervention. The Return of Record items 3 and 4 indicate that the Orange Planning and Zoning Commission send notices to both the West Haven Town Clerk and the Executive Director of the Council of Governments. In addition, the file would further indicate that the Regional Planning Agency had notice of the pending hearing. The Return of Record also indicates that there were several transmittals between the Planning and Zoning Commission and officials of the Town. CT Page 10089
The City of West Haven was fully aware of what was taking place and if they chose not to appeal the decision of the Planning and Zoning Commission, they should not at this stage be allowed to intervene as a party plaintiff. Any interest that they might have is amply represented by the appellant plaintiffs.
The motion to intervene is denied.
THE COURT CURRAN, J.