[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I.
Introduction and Factual Background
The plaintiff, Frank Frumento, has filed this appeal concerning a denial by the defendant Planning and Zoning Commission of the Town of North Branford (hereinafter, "the Commission") of his application to establish an affordable housing district and amend the zoning map by rezoning his parcel to the new district. This appeal is brought pursuant to General Statutes 8-30g, et. seq., "Affordable Housing Land Use Appeals Act" (hereinafter, "the Act").
The plaintiff owns a 39 acre parcel on the northerly side of Foxon Road, presently zoned R-40 (1 lot per acre). Mr. Frumento filed his application on December 19, 1990, and the Commission held a public hearing on February 7, 1991, which was then continued to February 21, 1991. On April 4, 1991, the Commission CT Page 6627-K denied the applicant's request to establish the zone and consequently did not act on the request to rezone the parcel. The Act, at 8-30g(d), allows an unsuccessful applicant to file a modified application after denial and Mr. Frumento submitted such an application on April 18, 1991. On May 16, 1991, without a public hearing, the Commission denied this second proposal. The applicant then filed the instant appeal challenging both denials. While this appeal was pending, the Commission proposed and adopted its own affordable housing regulations.
This court did not immediately hear this appeal as the parties attempted to negotiate a resolution. Indeed, this court was advised by counsel of a Mr. Frumento's two-part application which was filed under the newly adopted affordable housing regulations. Apparently, the application to rezone was approved but the application for site plan development was rejected due to a denial by the Water Pollution Control Authority to authorize additional sewer connections. The plaintiff thus returned to this case. At trial on May 27, 1993, the court heard, in addition to this appeal, Mr. Frumento's appeal of the Commission's enactment of those affordable housing regulations (CV 92-0505665). This CT Page 6627-L opinion will concern only Mr. Frumento's first appeal: the Commission's refusal to adopt his proposed regulations and the subsequent refusal to rezone.
II.
Discussion
A.
In TCR New Canaan, Inc. v. Planning and Zoning Commission of the Town of Trumbull, 6 Conn. L. Rptr. No. 4, 91 (March 5, 1992) (hereinafter, "TCR"), this court reviewed the test for aggrievement under 8-30g(b). That analysis is applicable to this case.
The statute states that:
 [a]ny person whose affordable housing application is denied or is approved with restrictions which have a substantial adverse impact on the viability of the affordable housing development or the degree of affordability of the affordable dwelling units . . . may appeal such decision pursuant to the procedures of this section.
This section ends with "[e]xcept as otherwise provided in this CT Page 6627-M section, appeals involving an affordable housing application shall proceed in conformance with the provisions of said sections 8-8,8-9, 8-28, 8-30 or 8-30a, as applicable." The reference to Section8-8 and the wording of the first sentence of 8-30g(b) suggest to this court that even though the word "aggrieved" was not used by the legislature, Connecticut common law applies to these appeals.[1]
Aggrievement has a two-fold test:
 First, the party claiming aggrievement must demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must establish that this specific, personal and legal interest has been specially and injuriously affected by the decision. Walls v. Planning and Zoning Commission, 176 Conn. 475, 477-78 (1979).
We require that the plaintiff both plead and prove his aggrievement. Indeed, it is a prerequisite to the court's jurisdiction over CT Page 6627-N the subject matter. Walls, supra, 479. While the plaintiff did, in fact, allege his aggrievement, he failed to put on any proof of the same. The court received no evidence that he owns the property at this time. The burden is on the plaintiff to prove his aggrievement at the time of trial. Hall v. Planning Commission,181 Conn. 442, 444 (1980); I.R. Stich Associates, Inc. v. Town Council,155 Conn. 1, 3 (1967). (Emphasis supplied). Mr. Frumento has failed to do so and accordingly, his action must be dismissed.[2]
Berger, J.