[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the adoption of affordable housing development zoning regulations by the Stratford Zoning Commission (hereafter called the Commission). The new zoning regulations were proposed by the Commission itself in May 1993. A public hearing was held on the proposal on July 20, 1993. The regulations were adopted August 17, 1993, effective August 25, 1993. There is no claim in this appeal that the procedures used by the Commission in enacting the regulations were defective. The parties also agree that this appeal is taken pursuant to 8-8 of the General Statutes. Even though the subject of the zoning amendment by the Commission was the enactment of affordable housing regulations, 8-30g(b) of the General Statutes allows an affordable housing appeal to be taken by "any person whose affordable housing application is denied or is approved with restrictions which have a substantial adverse impact" on an affordable housing project. An "affordable housing application" requires an application to be made to a zoning commission for an affordable housing development by a person who proposes to develop affordable housing. Section 8-30g(a)(2) C.G.S. Recently our Supreme Court has concluded that 8-30g can apply to the granting or denial of a zone change application, as long as it is an application filed with a zoning commission in connection with an affordable housing proposal. West Hartford Interfaith Coalition, Inc. v. Town Council, 228 Conn. 498, 508, 509. However, the enactment of regulations appealed from here is not related to an affordable housing application, so 8-30g does not apply. Moreover, that statute specifically states that nothing in it shall be deemed to preclude any right of appeal under the provisions of8-8. Section 8-30g(e) C.G.S.
As with all appeals under 8-8 of the General Statutes the appellant is required to plead and prove aggrievement. Hughes v. Town Planning Zoning Commission, 156 Conn. 505, 507, 509; Walls v. Planning Zoning Commission, 176 Conn. 475, 479; Cole v. Planning Zoning Commission, 30 Conn. App. 511, 515. An appeal which does not specify how the plaintiff is aggrieved is subject to dismissal. Goldstein v. Zoning Commission, 157 Conn. 595. An appellant has standing to maintain the appeal if it proves either classical aggrievement or statutory aggrievement. Pierce v. Zoning Board of Appeals, 7 Conn. App. 632, 636; Zoning Board of Appeals v. Planning Zoning Commission, 27 Conn. App. 297, 300-301; Cole v. CT Page 3162 Planning Zoning Commission, supra, 514, 515. The defendant contends that the plaintiff has not proven aggrievement. This requires some analysis of the regulations appealed from, the property owned by the plaintiff, and the impact of the regulations upon it.
Section 8-2 of the General Statutes provides in part that zoning regulations are to encourage the development of housing opportunities, consistent with soil types, terrain, and infrastructure capacity, for all residents of the municipality and the planning region in which the municipality is located, and to promote housing choice and economic diversity in housing. This statute and 8-30g allowed the Commission to enact or modify its zoning regulations to allow affordable housing within the town. The new regulations in 5.4.1 (entitled Affordable Housing Development Regulations) state that the purpose of them is to authorize construction of affordable housing by establishing more flexible standards in order to increase the number of affordable housing units for the elderly and young families, consistent with terrain, infrastructure capacity and available services, and that affordable housing shall be developed in a manner that is generally consistent with the housing patterns of the neighborhood in which it is located. The new regulations do not create an affordable housing zone. Rather they state that affordable housing developments are permitted uses in the RS-1, RS-2, RS-3, RS-4, RM-1, LB, LBB, and CA districts. Section 5.4.2, Stratford Zoning Regulations. These existing zoning districts include all the one family residence districts, two family districts, the limited business district and the commercial district. In short, they allow affordable housing almost anywhere in the Town of Stratford. There is a minimum lot area requirement of 120,000 square feet. As a practical matter, the minimum lot area requirement of almost 3 acres limits the number of parcels in the town that can be developed under the regulations, but projects can be build in almost all of the zoning districts and in all areas of the town. The changes are not restricted to only a few properties, one or two small zones or specific areas of the town. A review of the zoning map shows that the zoning districts in which affordable housing developments are allowed encompass about 90% of Stratford. Most of the remaining 10% consists of the Sikorsky plant in the northerly portion of the town and the Airport in the southerly part. The record does not disclose how many parcels complying with the minimum lot area would be available for affordable housing under the regulations, but in the absence of evidence on that issue the court must presume the plaintiff's parcel of 3.2 acres is only one CT Page 3163 of many parcels which qualify.
Proof of classical aggrievement requires compliance with a two part test: First, the party claiming the aggrievement must successfully show a specific, personal and legal interest in the subject matter of the decision as distinguished from a general interest, such as is the concern of all members of the community as a whole; second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision Schwartz v. Town Plan Zoning Commission, 168 Conn. 20, 25. The first part of the classical aggrievement test is whether the claimed interest of the appellant is any different from the interest of the general public or a large segment of the community. General amendments to land use regulations generally do not comply with the first part of the test. Korby v. Plainville Planning Zoning Commission,4 Conn. Super. Ct. Rpts. 855 (1989). While a change of regulations applying only to a particular zone covering a small area of the town may be appealable by an owner of land within the zone, Summ v. Zoning Commission, 150 Conn. 79, 83, there is no aggrievement when the zoning regulations are amended so that no particular area or property is affected. Sheridan v. Planning Board, 159 Conn. 1, 12; Mott's Realty Corp. v. Town Plan Zoning Commission, 152 Conn. 535,539. In addition, a change in the comprehensive plan which affects the community as a whole does not create aggrievement for property owners in the municipality. Sheridan v. Planning Board, supra, 12; Bell Trustee v. Planning Zoning Commission, 174 Conn. 493,497. The most clear example of this is the enactment of floating zone regulations. Sheridan v. Zoning Board, 159 Conn. 1,13; Schwartz v. Town Plan Zoning Commission, supra, 23, 25. A comparable situation exists here since the zoning regulations for the existing, affected zones are amended to allow an affordable housing development provided a special case is approved pursuant to 5.4 and 20 of the Zoning Regulations. See 5.4.11A, Stratford Zoning Regulations as amended. [A special case is the equivalent of a special permit or special exception. Maher v. Town Planning and Zoning Commission of Stratford, 154 Conn. 420, 422.] In short, the new regulations allow an additional optional use of property in 90% of the town on parcels which meet the minimum area requirement, and provided a special case is approved.
The new regulations do not detract from any existing uses in the affected zones, and do not take away from any property owner any rights of development which existed under the prior zoning regulations. This is not a situation where the appellants are one CT Page 3164 of only a few property owners in the municipality which have parcels which can comply with or will be affected by a change in regulations. Contrast Timber Trails Corp. v. Planning Zoning Commission of Sherman, 7 Conn. L. Rptr. 331,7 Conn. Super. Ct. Rpts. 1178, 1179 (1992) where general amendments to subdivision regulations specifically impacted large undeveloped parcels of the plaintiffs, and there were no other comparable large land owners in the town. There the plaintiffs were significantly affected by the change in the regulations, and there was no evidence that other properties would be specifically affected by the new regulations. The situation here is materially different, as the change in regulations is not a general amendment to the zoning regulations which only affects one piece of property. See Nick v. Planning Zoning Commission, 6 Conn. App. 110, 114 (only one parcel affected by a zoning amendment which was aimed primarily at that property); Levine v. Police Commission, 28 Conn. 344, 354, 355 (parking regulation applying only to one street and directed to appellant's property).
Even where a appellant meets the first part of the classical aggrievement test, there must be evidence that there is a possibility as distinguished from a certainty that some legally protected interest of the appellant has been specially and injuriously affected by the decision. Hall v. Planning Commission,181 Conn. 442, 445. An appellant has a problem of proving a special injury resulting from the enactment of a new zoning regulation which does not restrict existing uses of the appellant's property. The new affordable housing development regulations in do not detract from any existing uses permitted as of right or with a special case under the zoning regulations; they merely add another use if a special case is approved. Any residential property owner who can comply with the new regulations can construct affordable housing as an additional use of the property. Residential lots that do not meet the minimum area provisions or other requirements of 5.4 cannot be used for affordable housing under the new regulation, but it does not prevent affordable housing under the prior regulations where that possibility existed. See 5.3 Stratford Zoning Regulations.
The plaintiff, Park City Realty, is a partnership which is the record title owner of two parcels of land, located at 520 Success Avenue, Stratford, and 1260 Cutspring Road, Stratford. The parcel at 520 Success Avenue only contains 4/10 of an acre, which is less than the minimum lot size for an affordable housing development under 5.4.3 of the new regulations. Undoubtedly the same parcel CT Page 3165 would have problems of compliance with other provisions in the same section of the affordable housing development regulations. In essence the plaintiff's claim as to this property is that it cannot take advantage of the new regulations because it is smaller than the minimum lot area requirement. This is no different than claims that could be made by every other residential property owner in the town with a parcel of less than 120,000 square feet. The parcel at 520 Success Avenue meets neither part of the classical aggrievement test.
The parcel at 1260 Cutspring Road meets the minimum lot area requirements since it contains 3.2 acres. There have been prior applications for multi-family housing on the property, which is undeveloped land. The plaintiff plans to apply for affordable housing on the property, but has no pending application. Under the regulations the property can be developed for residence apartments under 5.3 of the prior regulations, which were not repealed when 5.4 was enacted. Park City objects to the new regulations because in some respects they impose stricter requirements on housing units than 5.3. The plaintiff argues that it is specially affected because numerous nearby property owners filed a petition with the Commission opposing a special case or change in the current zoning regulations for the construction of multiple unit or low income housing on the subject property. In addition, a majority of the members of the public who appeared at the public hearing on the proposed affordable housing development regulations lived near the 1260 Cutspring Road property, and expressed their opposition for its development as affordable housing. However, the proposed regulations were not directed to the plaintiff's property, and the application before the Commission involved neither a zone change or a special case for 1260 Cutspring Road or any other property in Stratford. There is also nothing in the record to indicate that the new zoning regulations were tailored to fit, promote, prevent or restrict development of the plaintiff's property. The regulations as adopted applied to many parcels in all residential zones of the town, so the plaintiff's ownership of 1260 Cutspring Road, even with possible future opposition to special case applications for affordable housing as to it, does not meet the first part of the classical aggrievement test. In addition, while the opposition of neighborhood opponents to development of the property for affordable housing may affect development of the property in the future, the plaintiff is not specially and injuriously affected by the adoption of the new regulations themselves, the subject of this appeal. CT Page 3166
As previously stated, the new regulations do not change existing zoning regulations or retract existing permitted uses of the plaintiff's property. Section 5.4 gives another possible option for development of the property, but the plaintiff is no worse off than if the regulations had not been proposed and adopted by the Commission. No application for development of the property was before the Commission, and while opposition directed to the property may prove aggrievement for another, later application, does not create it for this amendment to the zoning regulations. Accordingly, the appellant has not met the second part of the classical aggrievement test and has not shown that there is a possibility as distinguished from a certainty that some legally protected interest has been specially and injuriously affected by the amendment to the zoning regulations.
The appellant has not specifically claimed that it has the standing to appeal on the ground of statutory aggrievement, but since jurisdiction over a zoning appeal maybe based on it, it will be considered. Section 8-8(a)(1) provides in part that "in the case of a decision by a zoning commission. . . `aggrieved person' includes any person owning land that abuts or is within a radius of 100 feet of any portion of the land involved in the decision of the board." In Cole v. Planning Zoning Commission, 30 Conn. 511,514, the Appellate Court held that the plaintiffs in that case as owners of land within a zone to which a zoning amendment applied had proved statutory aggrievement. That does not mean, however, that a general amendment to the zoning regulations applying to all or almost all properties in the town, gives any property owner a standing to appeal the zoning amendment. That would undercut the entire purpose of the classical aggrievement provision in 8-8. Statutory aggrievement was enacted to eliminate the requirement that an appellant prove specific injury when appealing from a decision concerning nearby or abutting property. See Kyser v. Zoning Board of Appeals, 155 Conn. 236, 242; Foran v. Zoning Board of Appeals, 158 Conn. 331, 334; Walls v. Planning Zoning Commission, 176 Conn. 475, 476 n. 1. In Cole, the zoning regulations were amended concerning special exception and site plan approval for commercial sawmills in two residential zones; appellants owned property within 100 feet of land on which a sawmill was proposed, which was not a permitted use under the original zoning regulation but was a permitted use under the amended regulation. The appellants owned land within the affected zone in which the amendment applied, but the record does not disclose contents of the amendment, who proposed it and the size of the zone involved. In Timber Trails Corporation v. Planning CT Page 3167 Zoning Commission, 222 Conn. 374, 376, relied upon in Cole, a zoning commission proposed and enacted zoning regulations increasing the minimum lot size in one zone of the town from 40,000 square feet to 80,000 square feet and made all zoning requirements for the zone the same as those for another existing zone. Without discussing aggrievement, the court noted in a footnote that the plaintiffs were aggrieved parties as owners of the land in the zone which was eliminated. What does not appear in the opinion is that the property owners-appellants in Timber Trails owned a large portion of all the land in the Town of Sherman, and an even larger portion of land in the affected zone. See Timber Trails Corporation v. Planning Zoning Commission of Town of Sherman,7 Conn. L. Rptr. 331 7 Conn. Super. Ct. Rpts. 1178 (1992). More important, an increase of the minimum lot area from 40,000 square feet to 80,000 square feet directly and immediately impacted the undeveloped land of the Timber Trails plaintiffs.
In contrast, the present zoning amendment does not involve specific land and applies to over 90% of the Town. Statutory aggrievement only applies where there is "land involved in the decision of" the Commission. The decision of the Commission making a general amendment to the zoning regulations does not involve any specific land. It applies throughout the town and does not take away any existing permitted uses on any land in the town. While some amendments to zoning regulations may allow an appeal based upon statutory aggrievement, that is not the situation here.
Since the plaintiffs have not proved either classical or statutory aggrievement the court does not have subject matter jurisdiction over the appeal. Hughes v. Town Planning Zoning Commission, 156 Conn. 505, 507; see also Cole v. Planning Zoning Commission, supra, 515. Since there is no subject matter jurisdiction, the merits of the appeal cannot be decided. Light Rigging Co. v. Department of Public Utility Control, 219 Conn. 168,172. This does not leave the plaintiff without a remedy. In addition to developing its property for residence apartments under 5.3 of the zoning regulations or affordable housing in compliance with 5.4 of the new regulations, it can also side step specific requirements in 5.4 if it proposes affordable housing pursuant to or propose a zone change in connection with an affordable housing application. See West Hartford Interfaith Coalition, Inc. v. Town Council, supra, 508-512.
The appeal is dismissed. CT Page 3168
ROBERT A. FULLER, JUDGE