[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
Defendants Salvatore F. Spadaccino and Frederick B. Spadaccino request the court to dismiss this administrative appeal as to two of the seven plaintiffs. The defendants claim "the court does not have subject matter jurisdiction over George A. Saden and Jeanne Hall." The defendants further claim their motion to dismiss should be granted without an evidentiary hearing. For the reasons stated below, the motion to dismiss is denied.
"Pleading and proof of aggrievement [are] prerequisites to the trial court's jurisdiction over the subject matter of the plaintiffs' appeal." Petruzzi v. Zoning Board of Appeals,176 Conn. 475, 479 (1979). Plaintiffs George A. Saden and Jeanne Hall have alleged they are aggrieved by the agency's decision. The defendants argue that this court lacks jurisdiction because CT Page 1694 plaintiffs Saden and Hall have failed to allege specific facts which would constitute aggrievement.
The defendants cite various court opinions for the proposition that a plaintiff must allege facts which, if true, would demonstrate aggrievement. Each of the opinions, however, concerns a factual situation where the plaintiff was afforded the opportunity to prove aggrievement. In the present case, the plaintiffs have alleged they are aggrieved. Had the defendants desired to test the ability of the plaintiffs to allege specific facts which would support a general claim of aggrievement, the defendants could have requested the plaintiffs to make their allegations of aggrievement more specific. See Practice Book § 147. In the absence of a more complete statement, the court can only conclude that the plaintiffs have alleged aggrievement. Having alleged aggrievement, they should be given the opportunity to prove their allegations.
The defendants have not moved under General Statutes § 8-8(j) for a hearing on the plaintiffs' status as aggrieved parties. The defendants may of course move for such a hearing before this case is assigned a date for a final hearing.
The motion to dismiss is denied.