[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
These are administrative or record appeals by the plaintiff, Paul R. Daddona, from two decisions of the defendant, the Zoning Board of the City of Stamford, granting certain applications of the City of Stamford Urban Redevelopment Commission (URC). The purpose of the applications by URC was to enable the Swiss Bank to relocate its headquarters to Stamford. In the first of the above captioned actions, the plaintiff appeals the defendant's amendment, at a meeting held on January 4, 1995, of the Zoning Regulations in the CC-S, CC-N, C-G and the C-L zones with respect to certain side yard requirements, the implementation of a "Transportation Center pedestrian way," and the construction of sidewalks, effective January 19, 1995. In the second case, the plaintiff appeals the defendant's changing the designation of approximately 14 acres in downtown Stamford from the C-G zone. General Commercial District, to CC-N, Central City District North, at a meeting held on January 6, 1995, to be effective February 21, 1995.
In each case, the plaintiff appealed to this court, claiming in general that the actions of the defendant would result in overcrowding, would have adverse effects on traffic and the environment, and were not in harmony with Stamford's plan of development or comprehensive plan.
General Statutes § 8-8(a)(2)(b) provides in part that "any person aggrieved by any decision of a board may take an appeal. . . ." Pursuant to General Statutes § 8-8(j), the defendant has filed a motion to dismiss both actions on the ground that the plaintiff lacks standing to appeal. The defendant asserts that the motion is justified on both substantive, and technical or procedural grounds. The defendant contends that the plaintiff is not "classically" aggrieved, nor does he fit the CT Page 4916 definition of an "aggrieved person" contained in General Statutes § 8-8(a)(1) as "any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board."
Evidence was taken on this subject, and it is this court's opinion that the plaintiff is not "aggrieved" within the meaning of General Statutes § 8-8(a)(1), in that he does not own land abutting or within 100 feet of the subject 14 acres. The next question is whether the plaintiff was "classically aggrieved." "The fundamental test for determining aggrievement encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision." (Citation omitted; internal quotation marks omitted.) Munhall v. Inland WetlandsCommission, 221 Conn. 46, 51, 602 A.2d 566 (1992).
At the hearing on aggrievement, the plaintiff expressed some generalized fears about the adverse effect on Stamford's sewerage system of some 1,500 employees being added to the subject area. He also contended that excessive office space would result from the Swiss Bank relocation in the subject area, which would force office rents down, and cause taxes to be increased. The plaintiff, however, failed to offer any evidence that he was affected in any manner different from the general public. "It is a well established principle that mere generalizations and fears such as those about which the plaintiffs testified at the hearing do not establish aggrievement." Walls v. Planning ZoningCommission, 176 Conn. 475, 478, 408 A.2d 252 (1979). "[T]he plaintiffs . . . expressed `concern,' `fear' and `apprehension' that the subdivision approval might result in increased traffic; no specific evidence was offered, however, to support those fears . . . the unsubstantiated fears of the plaintiffs did not establish aggrievement. . . . (Emphasis in original.) Id., 477.
In addition to challenging the plaintiff's standing to appeal because of lack of aggrievement, the defendant's motion to dismiss also is directed to a number of procedural anomalies in the plaintiff's appeal, viz., the lack of a proper citation, the failure to serve the defendant, the failure to serve one of the CT Page 4917 appeals within the requisite time period, and an improper form of bond. The defendant's contentions in this respect appear sound, and would warrant dismissal of the two appeals, even if the plaintiff had successfully sustained his burden of proving his standing to appeal pursuant to General Statutes § 8-8(j).
In regard to the lack of a proper citation, General Statutes § 52-45a provides that civil actions shall be commenced by a writ of summons (or attachment). Section 52-45b sets out the form of the writ of summons. There are no writs of summons in the present appeals even resembling that required by § 52-45b. The documents in question are simply entitled "Appeal" and have a prayer for relief asking that the decisions of the defendant be reversed and set aside.
Furthermore, service was made only on the Town Clerk, and therefore service did not meet the requirements of General Statutes § 8-8(e), which requires that service be made on the chairman or clerk of the agency whose decision is being appealed.
Even if the proper party had been served, in the first of the above actions, the return date is stated as January 31, 1995, and the sheriff's return indicates that he made service on January 24, 1995, which was untimely according to General Statutes §52-46, which requires service to be made at least twelve days before the return date.
Finally, General Statutes § 8-8h provides that the plaintiff file a bond and states that it must refer not only to prosecuting the appeal to effect, but also that the plaintiff will "comply with the orders and decrees of the court;" Plaintiff's bond fails to contain this statement.
Accordingly, the defendant's motions to dismiss the above two captioned appeals on both substantive and procedural grounds are granted.
So Ordered.
Dated at Stamford, Connecticut, this 9th day of May, 1995.
William B. Lewis, Judge CT Page 4918